# 21-2491-cr(L),
## 21-2946-cr(CON), 21-3082-cr(CON), 22-0371-cr(CON)

# United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

PRINCE UKO, AKA Sealed Defendant 1, JACOB SAGIAO,
AKA Sealed Defendant 1, MARYLYNN PENEUETA, BRITT JACKSON,
JOSHUA FITTEN, DONTAE COTTRELL, AKA Dontae Coterell, ARINZE
OBIKA, NDUKWE ANYAOGU, DAVID URO, AKA Victor Ahaiwe,
SUNDAY OKORO, COLLINS ENEH,

*Defendants,*

HERMAN BASS, IKECHUKWU ELENDU,
VICTOR AHAIWE, AKA Herman Bass,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX

JOHN S. WALLENSTEIN
LAW OFFICE OF JOHN S. WALLENSTEIN
*Attorneys for Defendant-Appellant*
*Herman Bass*
1100 Franklin Avenue, Suite 305
Garden City, New York 11530
(516) 742-5600

i

## TABLE OF CONTENTS

|  | Page |
|---|---|
| District Court Docket Entries | A-1 |
| Indictment, dated March 4, 2020 | A-20 |
| Plea Agreement, dated May 6, 2021 | A-29 |
| Transcript of Plea Proceedings held before the Honorable Denise L. Cote, dated May 26, 2021, and filed on June 9, 2021 | A-35 |
| Transcript of Sentence Proceedings held before the Honorable Denise L. Cote, dated September 23, 2021 | A-63 |
| Judgment of the Honorable Denise L. Cote, dated September 23, 2021, and entered on September 24, 2021, Appealed From | A-85 |
| Notice of Appeal, filed October 4, 2021 | A-92 |

A-1

APPEAL,ECF,INTAPP,PRIOR

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:20-cr-00179-DLC-9

Case title: USA v. Uko et al

Magistrate judge case number:  1:20-mj-01546-UA

Date Filed: 03/04/2020

Date Terminated: 09/24/2021

Assigned to: Judge Denise L. Cote

**Defendant (9)**

**Herman Bass**
*TERMINATED: 09/24/2021*

represented by **Matthew John Galluzzo**
The Law Office of Matthew Galluzzo PLLC
11 Broadway Suite 715
10004
New York, NY 10004
212-344-5180
Fax: 646-402-6429
Email: matthew.galluzzo@gjllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Camille Marie Abate**
Camille M. Abate, Esq.
333 Park Avenue South
Ste 3a
New York City, NY 10010
917-386-2706
Fax: 212-937-2112
Email: c.abate71@gmail.com
*TERMINATED: 12/22/2020*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

18:1956-4999.F MONEY LAUNDERING -
FRAUD, OTHER (CONSPIRACY)
(2)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1349.F ATTEMPT AND CONSPIRACY
TO COMMIT BANK FRAUD
(1)

**Disposition**

IMPRISONMENT: 30 months.
SUPERVISED RELEASE: 3 years.

**Disposition**

Dismissed

A-2

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:1349.F CONSPIRACY TO COMMIT BANK FRAUD, 18:1343.F WIRE FRAUD, 18:1028A.F CONSPIRACY TO COMMIT AGGRAVATED IDENTITY THEFT , 18:1956-F CONSPIRACY TO COMMIT MONEY LAUNDERING | |

**Coordinating Discovery Attorney**

**Julie De Almeida**                    represented by   **Julie De Almedia**
                                                         415-305-1211
                                                         Email: juliebeil@mac.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Retained*

**Plaintiff**

**USA**                                 represented by   **Jun Xiang**
                                                         DOJ-USAO
                                                         1 St. Andrew's Plaza
                                                         New York, NY 10007
                                                         212-637-2289
                                                         Email: jun.xiang@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Assistant US Attorney*

                                                         **Kevin Bowmar Mead**
                                                         U.S. Attorney's Office, SDNY (St Andw's)
                                                         One St. Andrew's Plaza
                                                         New York, NY 10007
                                                         212-637-2211
                                                         Email: kevin.mead@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Assistant US Attorney*

                                                         **Kevin Bowmar Mead**
                                                         DOJ-USAO
                                                         USAO Sdny
                                                         One St. Andrews Plaza
                                                         10007
                                                         New York, NY 10007
                                                         212-637-2211
                                                         Email: Kevin.Mead@usdoj.gov

A-3

*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2020 | 1 | COMPLAINT as to Jacob Sagiao (1), Marylynn Peneueta (2), Britt Jackson (3), Joshua Fitten (4), Dontae Coterell (5), Arinze Obika (6), Ndukwe Anyaogu (7), Herman Bass (8), David Uro (9), Victor Ahaiwe (10). In Violation of 18 U.S.C. 1349, 1343, 1028A, 1956, and 2 (Signed by Magistrate Judge Robert W. Lehrburger) (dif) [1:20-mj-01546-UA] (Entered: 02/27/2020) |
| 03/04/2020 | 18 | INDICTMENT FILED as to Prince Uko (1) count(s) 1, 2, Jacob Sagiao (2) count(s) 1, 2, Marylynn Peneueta (3) count(s) 1, 2, Britt Jackson (4) count(s) 1, 2, 4, Joshua Fitten (5) count(s) 1, 2, Dontae Coterell (6) count(s) 1, 2, Arinze Obika (7) count(s) 1, 2, Ndukwe Anyaogu (8) count(s) 1, 2, 5, Herman Bass (9) count(s) 1, 2, David Uro (10) count(s) 1, 2, Victor Ahaiwe (11) count(s) 1, 2, 3. (jm) (Entered: 03/05/2020) |
| 03/04/2020 | | Case Designated ECF as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. (jm) (Entered: 03/05/2020) |
| 03/05/2020 | 19 | NOTICE OF ATTORNEY APPEARANCE Kevin Bowmar Mead appearing for USA. (Mead, Kevin) (Entered: 03/05/2020) |
| 03/05/2020 | 20 | LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated March 4, 2020 re: Scheduling and Exclusion of Time . Document filed by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. (Mead, Kevin) (Entered: 03/05/2020) |
| 03/05/2020 | 21 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe: The above-captioned matter having been assigned to this Court, it is hereby ORDERED that the arraignment and pretrial conference is scheduled for March 27 at 12 p.m. in Courtroom 18B, 500 Pearl Street. A trial date will be set at that appearance. IT IS FURTHER ORDERED that, in addition to any other exclusions that may apply, pursuant to 18 U.S.C. § 3161 (h)(7)(A), the time from today until March 27, 2020 is excluded in the interest of justice for the reasons set forth in the Government's March 4, 2020 letter. This exclusion outweighs the best interest of the defendants and the public in a speedy trial. (Arraignment set for 3/27/2020 at 12:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote) (Time excluded from 3/5/2020 until 3/27/2020) (Signed by Judge Denise L. Cote on 3/5/2020) (lnl) (Entered: 03/05/2020) |
| 03/05/2020 | 22 | NOTICE OF ATTORNEY APPEARANCE Jun Xiang appearing for USA. (Xiang, Jun) (Entered: 03/05/2020) |
| 03/09/2020 | 25 | LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated March 9, 2020 re: Setting a Presentment Deadline Prior to Arraignment . Document filed by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. (Mead, Kevin) (Entered: 03/09/2020) |
| 03/09/2020 | 27 | ORDER as to all defendants: For the reasons set forth in the Governments March 9, 2020 letter to the Court, it is hereby ORDERED that those defendants who have yet to appear in the Southern District of New York, shall appear before the Magistrate Judge in Courtroom 5A, 500 Pearl Street, on or before March 20, 2020 for presentment and, if |

| | | |
|---|---|---|
| | | necessary, for appointment of counsel. The arraignment shall proceed before this Court as previously set on March 27 at 12 p.m. in Courtroom 18B, 500 Pearl Street. (Signed by Judge Denise L. Cote on 3/9/2020) (gr) (Entered: 03/09/2020) |
| 03/13/2020 | 28 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. IT IS HEREBY ORDERED that the March 9, 2020 Order is revised as follows: Those defendants who have yet to appear in the Southern District of New York, shall appear before the Magistrate Judge in Courtroom 5A, 500 Pearl Street at 9 a.m. on Thursday, March 26, 2020 for presentment and, if necessary, for appointment of counsel. IT IS FURTHER ORDERED that the arraignment and conference will proceed on Friday, March 27 at 12 p.m. in Courtroom 18B, 500 Pearl Street. A trial date will be set at this conference. (Signed by Judge Denise L. Cote on 3/13/2020) Copies Emailed to by Chambers to Daniel Ortiz, Director, Criminal Case Operations. Tracy Miller, Assistant Director, Criminal Case Operations(gr) (Entered: 03/13/2020) |
| 03/15/2020 | 29 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe: An arraignment and initial pretrial conference in this case is scheduled to occur on Friday, March 27, 2020. The defendants who require appointment of counsel were ordered to appear before the Magistrate Judge on March 26 to arrange for the appointment of counsel in this district. Through an Order issued by the Chief Judge of this district on March 13, time has been excluded under the Speedy Trial Act until April 27, 2020, for the reasons explained in that Order, for all cases pending in this district. It is hereby ORDERED that the March 27 conference will proceed as scheduled for those defendants who wish to appear at that time before this Court. No trial date will be set at that time. Any defendant who wishes to appear on March 27 must notify the Government of that intention no later than March 25 and, if they need counsel to be appointed to represent them, to appear before the Magistrate Judge in Courtroom 228, 40 Foley Square on March 26 at 9 am for appointment of counsel. IT IS FURTHER ORDERED that a conference at which all defendants must appear is scheduled for Friday, May 8, 2020, at noon in Courtroom 18B, 500 Pearl Street. A trial date will be set at that time. IT IS FURTHER ORDERED that any defendant who requires appointment of counsel and does not have appointed counsel in this district shall appear before the Magistrate Judge in Courtroom 228, 40 Foley Square on May 7 at 9 am for appointment of counsel. IT IS FURTHER ORDERED that the Government shall provide counsel of each defendant with this Order. IT IS FURTHER ORDERED that, for the reasons stated in the Order of the Chief Judge of the Southern District of New York on March 13, because public health concerns currently discourage movement of persons, and because many of the defendants named in this indictment reside in locations distant from New York City, time under the Speedy Trial Act is excluded from March 13 until May 8, 2020. That exclusion is in the interest of justice and outweighs the best interests of the defendants and the public in a speedy trial. 18 U.S.C. § 3161. (Pretrial Conference set for 5/8/2020 at 12:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote) (Time excluded from 3/13/2020 until 5/8/2020) (Signed by Judge Denise L. Cote on 3/15/2020) (lnl) (Entered: 03/15/2020) |
| 03/16/2020 | 30 | CORRECTED ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe., As to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. An Order of March 15, 2020 misstated the Magistrate Judges Courtroom for arraignment proceedings. This Order has been revised where underlined below, to provide accurate courtroom numbers.An arraignment and initial pretrial conference in this case is scheduled to occur on Friday, March 27, 2020. The defendants |

| | | |
|---|---|---|
| | | who require appointment of counsel were ordered to appear before the Magistrate Judge on March 26 to arrange for the appointment of counsel in this district. Through an Order issued by the Chief Judge of this district on March 13, time has been excluded under the Speedy Trial Act until April 27, 2020, for the reasons explained in that Order, for all cases pending in this district. It is hereby ORDERED that the March 27 conference will proceed as scheduled for those defendants who wish to appear at that time before this Court. No trial date will be set at that time. Any defendant who wishes to appear on March 27 must notify the Government of that intention no later than March 25 and, if they need counsel to be appointed to represent them, to appear before the Magistrate Judge in Courtroom 5A, 500 Pearl Street, New York, New York, 10007 on March 26 at 9 am for appointment of counsel. IT IS FURTHER ORDERED that a conference at which all defendants must appear is scheduled for Friday, May 8, 2020, at noon in Courtroom 18B, 500 Pearl Street. A trial date will be set at that time. IT IS FURTHER ORDERED that any defendant who requires appointment of counsel and does not have appointed counsel in this district shall appear before the Magistrate Judge in Courtroom 5A, 500 Pearl Street, on May 7 at 9 am for appointment of counsel. IT IS FURTHER ORDERED that the Government shall provide counsel of each defendant with this Order. IT IS FURTHER ORDERED that, for the reasons stated in the Order of the Chief Judge of the Southern District of New York on March 13, because public health concerns currently discourage movement of persons, and because many of the defendants named in this indictment reside in locations distant from New York City, time under the Speedy Trial Act is excluded from March 13 until May 8, 2020. That exclusion is in the interest of justice and outweighs the best interests of the defendants and the public in a speedy trial. 18 U.S.C. § 3161. (Signed by Judge Denise L. Cote on 3/16/2020)(gr) Modified on 3/18/2020 (gr). (Entered: 03/16/2020) |
| 03/17/2020 | 31 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe addressed to Judge Denise L. Cote from Kevin Mead dated March 17, 2020 re: Potential Options to Arraign Defendants Prior to May 8 Without Requiring Their Physical Presence in the SDNY Document filed by USA. (Mead, Kevin) (Entered: 03/17/2020) |
| 03/18/2020 | 32 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. An Order of March 16, 2020 informed the parties that the March 27 conference would proceed as scheduled for those defendants who wish to appear at that time before this Court, and required the defendants to inform the Government of their intention to appear by March 25. The March 16 Order also scheduled a conference for May 8, at which all defendants are required to appear and a trial date will be set. On March 17, upon the Courts request, the Government submitted a letter outlining the possible ways that the defendants could be arraigned prior to May 8, 2020, without appearing in-person in Court. The Government also informed the Court that counsel in the Southern District of New York were informally appointed to represent those defendants who had not yet been formally assigned counsel in this district. Accordingly, it is herebyORDERED that the informally appointed counsel are provisionally appointed to represent the defendants, subject to their future appearance before a judicial officer to complete the application process qualifying them for appointment of counsel in this District (the Provisionally Appointed Counsel). IT IS FURTHER ORDERED that by March 20, 2020, the Government shall advise the Provisionally Appointed Counsel of the contact information for the defendants. IT IS FURTHER ORDERED that by March 25, 2020, the Provisionally Appointed Counsel shall inform this Court of whether they have communicated with the defendant. (Signed by Judge Denise L. Cote on 3/18/2020)(gr) (Entered: 03/18/2020) |

A-6

| 03/23/2020 | 35 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe: It is hereby ORDERED that counsel for each of the defendants shall confer with the defendant to determine whether the defendant wishes to waive their right to appear at an arraignment, has received a copy of the indictment, and will enter a plea of not guilty, pursuant to Rule 10(b), Fed. R. Crim. P. IT IS FURTHER ORDERED that counsel for each of the defendants shall inform this Court by Friday, March 27, 2020, as to whether the defendant had chosen to waive their rights pursuant to Rule 10(b) and will enter a plea of not guilty in writing. IT IS FURTHER ORDERED that, if a defendant elects to waive the defendant's right to appear for arraignment, counsel for the defendants shall file written waivers, executed by counsel and the defendant, by April 1, 2020. (Signed by Judge Denise L. Cote on 3/23/2020) (ap) (Entered: 03/23/2020) |
|---|---|---|
| 03/23/2020 | 41 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** - NOTICE of Communication with Defendant as to Herman Bass (Abate, Camille) Modified on 3/23/2020 (ka) (Entered: 03/23/2020) |
| | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Herman Bass: Notice to Attorney Abate, Camille to RE-FILE Document 41 Notice (Other). Use the event type Letter found under the event list Other documents. (ka)** (Entered: 03/23/2020) |
| 03/26/2020 | 50 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe addressed to Judge Denise L. Cote from AUSA Jun Xiang dated March 26, 2020 re: March 27, 2020 Arraignment Document filed by USA. (Xiang, Jun) (Entered: 03/26/2020) |
| 03/26/2020 | 54 | MEMO ENDORSEMENT as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe on re: 50 LETTER by USA addressed to Judge Denise L. Cote from AUSA Jun Xiang dated March 26, 2020 re: March 27, 2020 Arraignment. The Government respectfully writes to advise the Court that no defendant intends to appear for an in-person arraignment/pretrial conference on March 27 at 12:00 p.m. Absent other direction from the Court, the Government assumes no proceeding will take place at that time. Pursuant to the Court's March 23 Order, the majority of defendants (who have not already been arraigned) have filed notices indicating that they intend to waive in-person arraignment; the Government understands the remaining defendants will either waive arraignment as well or choose to appear for arraignment on May 8 at 12:00 p.m., as permitted under the Courts March 15 Order. To the parties' understanding, there remains on the calendar a pretrial conference on May 8, 2020 at 12:00 p.m. ENDORSEMENT: So ordered. (Signed by Judge Denise L. Cote on 3/26/2020)(bw) (Entered: 03/26/2020) |
| 03/26/2020 | 55 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Herman Bass. (Abate, Camille) (Entered: 03/26/2020) |
| 04/02/2020 | 61 | ORDER: An Order of March 16, 2020, adjourned the date of arraignment and initial conference in this case from March 27 to May 8, 2020 at noon. As provided in Rule 10(b), Fed. R. Crim. P., a defendant need not be present for the arraignment if the defendant and defendants counsel have signed a written waiver of appearance and the Court has accepted that waiver. For those defendants choosing to waive their right to be present for the arraignment as provided in Rules 43(a) and 10(a), Fed. R. Crim. P., defense counsel was required to file a waiver with the Court by today. To date, one defendant, Prince Uko, already has been arraigned and one defendant, Ndukwe Anyaogu, remains at large. All of the other defendants, but one, have indicated a desire to waive their presence, and most have filed their waivers. The May 16 Order advised counsel that |

| | | a trial date would be chosen at the May 8 conference. Accordingly, it is hereby ORDERED that the May 8, 2020 arraignment and conference will be held as a telephone conference. The parties shall use the following dial-in credentials for the telephone conference: Dial-in: 888-363-4749; Access code: 4324948. The parties shall use a landline if one is available. IT IS FURTHER ORDERED that all defendants who wish to participate in the telephone conference may do so, and are encouraged to do so, whether or not they have waived their presence for an arraignment, that is, waived their right to be physically present in open court with the judicial officer at the time that the judicial officer conducts the arraignment. IT IS FURTHER ORDERED that if defense counsel has already filed a waiver signed by both the defendant and counsel waiving the defendants right to be present at the arraignment, defense counsel need not submit the attached form, Waiver of Right to be Present at Criminal Proceeding. IT IS FURTHER ORDERED that any counsel who has not already submitted a waiver of the defendants right to be present at the arraignment shall promptly discuss the attached form, titled Waiver of Right to be Present at Criminal Proceeding, with their client. If there is informed and voluntary consent to waive appearance at the arraignment, by April 21, defense counsel shall file or mail to the Court the executed forms. Counsel are advised that in the event a defendant consents but counsel is unable to obtain the defendants physical signature on the attached form, the Court will conduct an inquiry on May 8 to determine whether it is appropriate for the Court to add the defendants signature to the form. IT IS FURTHER ORDERED that, should any defendant not consent to waiver of presence at the arraignment, a separate arraignment will be held with that defendant and that defendants counsel at such time as the COVID-19 health emergency abates and the court proceeding may be safely held. (Signed by Judge Denise L. Cote on 4/1/2020) (Attachment: # 1 Waiver of Right To Be Present At Criminal Proceeding)(gr) (Entered: 04/02/2020) |
|---|---|---|
| 04/10/2020 | 65 | ORDER: The above-captioned matter is scheduled for arraignment and an initial conference May 8 at noon. As the Court has previously advised counsel, a trial date will be selected at that time. Accordingly, it is hereby ORDERED that the parties shall attempt to reach agreement by May 6 on a trial date. They may discuss the following dates as options: October 6, 2020, January 11, 2021 or March 1, 2021. IT IS FURTHER ORDERED that the Government will advise the Court in writing by May 6 of the date chosen by the parties for the trial, or of any disagreement regarding the trial date. IT IS FURTHER ORDERED that any motions for severance will be due approximately a month before the trial. (Signed by Judge Denise L. Cote on 4/10/2020)(gr) (Entered: 04/10/2020) |
| 04/24/2020 | 66 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe: An initial conference in this action to be held by telephone due to the COVID-19 pandemic is scheduled to occur on May 8, 2020. As the parties have been advised, at that conference the defendants will be arraigned to the extent that has not already occurred and a trial date will be chosen. On April 10, 2020, the Court provided the parties with three alternative trial dates for their consideration. Ten of the eleven defendants have been presented and have either retained counsel or have had counsel appointed to represent them. One defendant remains at large. Prince Uko was arraigned on March 20. The remaining nine defendants have not been arraigned. All nine defendants have indicated their intention to waive their right to be present in court for their arraignment and have signed written waivers recording that fact. The Court understands that no defendant requires the assistance of an interpreter. At the May 8 conference, the Court will confirm in colloquy with each defendant that he or she consents to the conference proceeding telephonically, and that the nine defendants who need to be arraigned consent to their arraignment proceeding telephonically and without an opportunity to appear in person before the Court. Assuming such consent is |

**A-8**

| | | |
|---|---|---|
| | | confirmed, the arraignment of the nine defendants will then occur. After the outlines the nature of the evidence it intends to offer at any trial, the Court will consult the parties regarding the scheduling of the trial. After a trial date is selected, a schedule for motions will be set and the propriety of any exclusion of time under the Speedy Trial Act will be addressed. To assist in the conduct of the conference, it is hereby ORDERED that, if any of the defendants do not intend to participate in the conference via telephone, in other words, at all, counsel shall inform the Court by May 1, 2020. IT IS FURTHER ORDERED that by May 1, 2020 the parties shall send to the Chambers email, CoteNYSDChambers@nysd.uscourts.gov, each of the telephone numbers that each defendant and each attorney will be using to access the May 8 conference. IT IS FURTHER ORDERED that the parties are reminded that the dial-in credentials for the May 8 conference are the following: Dial-in: 888-363-4749 Access code: 4324948 The parties shall use a landline if one is available. (Signed by Judge Denise L. Cote on 4/24/2020) (lnl) (Entered: 04/24/2020) |
| 04/28/2020 | 83 | CJA 23 Financial Affidavit by (20-Cr-179-09) Herman Bass. APPROVED: (Signed by Magistrate Judge Robert W. Lehrburger on 4/28/2020); Attorney Camille M. Abate. (bw) (Entered: 04/28/2020) |
| 04/28/2020 | | Attorney update in case as to Herman Bass (9). Attorney Camille Marie Abate for Herman Bass added. (bw) (Entered: 04/28/2020) |
| 04/28/2020 | 84 | Minute Entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Initial Appearance as to (20-Cr-179-09) Herman Bass held on 4/28/2020. AUSA Jun Xiang. Defense Counsel Camille Abate (CJA). Proceeding: Presentment. BAIL DISPOSITION: Agreed conditions of release; $20,000 PRB; 2 FRP; Travel restricted to SDNY/EDNY/CD Cal and points in between for travel to court appearances; Pretrial supervision as directed by Pretrial Services; Drug testing/treatment as directed by PTS; Defendant to continue or seek employment; Defendant to be released on own signature; Remaining conditions to be met by 5/5/2020. - Avoid all contact (directly or indirectly, including by electronic means) with any person who is known victim or witness in the subject investigation or prosecution as known to defendant. - Avoid contact with known codefendants (directly or indirectly, including by electronic means) unless in presence of counsel. - Declare all bank and credit accounts / lines of credit, and refrain from opening any new ones. - No transactions greater than $10,000 without approval from Pretrial Services. ADDITIONAL PROCEEDINGS: Conference before District Judge on May 8, 2020. (bw) (Entered: 04/28/2020) |
| 04/28/2020 | 85 | WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING by (20-Cr-179-09) Herman Bass. (Accepted by Magistrate Judge Robert W. Lehrburger on 4/28/2020) (bw) (Entered: 04/28/2020) |
| 04/28/2020 | 86 | CONSENT TO PROCEED BY VIDEO OR TELE CONFERENCE as to (20-Cr-179-09) Herman Bass. This proceeding was conducted by reliable video or telephone conferencing technology. (Signed by Magistrate Judge Robert W. Lehrburger on 4/28/2020) (bw) (Entered: 04/28/2020) |
| 04/28/2020 | 87 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by (20-Cr-179-09) Herman Bass. Dated: March 25, 2020. (bw) (Entered: 04/28/2020) |
| 05/06/2020 | 90 | ORDER as to Herman Bass. It is hereby ORDERED that the defendants bail be modified to include mental health evaluation and treatment, as directed by Pretrial Services. (Signed by Judge Denise L. Cote on 5/6/20)(jw) (Entered: 05/06/2020) |
| 05/06/2020 | 91 | LETTER MOTION addressed to Judge Denise L. Cote from AUSA Jun Xiang dated May 6, 2020 re: Protective Order . Document filed by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, |

A-9

| | | Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Xiang, Jun) (Entered: 05/06/2020) |
|---|---|---|
| 05/06/2020 | 92 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe addressed to Judge Denise L. Cote from AUSA Jun Xiang dated May 6, 2020 re: Trial Date Document filed by USA. (Xiang, Jun) (Entered: 05/06/2020) |
| 05/06/2020 | 93 | PROTECTIVE ORDER 91 LETTER MOTION as to Prince Uko (1), Jacob Sagiao (2), Marylynn Peneueta (3), Britt Jackson (4), Joshua Fitten (5), Dontae Coterell (6), Arinze Obika (7), Ndukwe Anyaogu (8), Herman Bass (9), David Uro (10), Victor Ahaiwe (11). IT IS HEREBY ORDERED There is good cause for entry of a protective order and the provisions set forth herein. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (collectively, the defense), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action (Signed by Judge Denise L. Cote on 5/6/20) (jw) (Entered: 05/06/2020) |
| 05/07/2020 | 251 | Appearance Bond Entered as to Herman Bass: $20,000 Personal Recognizance Bond; To be cosigned by two financially responsible persons; Additional Conditions..... (jbo) (Entered: 05/05/2021) |
| 05/08/2020 | 94 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. For the reasons set forth on the record at the proceeding held today, May 8, 2020, it is hereby ORDERED that time is excluded in this action from today until March 1, 2021, pursuant to 18 U.S.C. § 3161(h)(7)(A). Time excluded from 5/8/2020 until 3/1/2021. (Signed by Judge Denise L. Cote on 5/8/2020) (ap) (Entered: 05/08/2020) |
| 05/08/2020 | 103 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe. It is hereby ORDERED that Julie De Almedia is appointed the Discovery Coordinator (Coordinator) to assist counsel for defendants in this action (Counsel). The Coordinator shall assist Counsel with respect to those discovery materials, typically in electronic form, common to all of the defendants that are produced by the Government to every defendant in the action (Discovery). IT IS FURTHER ORDERED that, when necessary, the Coordinator shall petition this Court, ex parte, for funds for outside vendor services and shall monitor all vendor invoices for these services. IT IS FURTHER ORDERED that the Coordinators duties do not include providing legal representation to a defendant and do not establish an attorney-client relationship with any defendant. Accordingly, discovery issues specific to any individual defendant shall be addressed by individual defense counsel directly with the Government. (Signed by Judge Denise L. Cote on 5/8/2020)(jw) (Entered: 05/08/2020) |
| 05/08/2020 | 104 | WAIVER OF PERSONALAPPEARANCE ATARRAIGNMENTANDENTRYOF PLEA OF NOT GUILTY by Herman Bass. ENDORSEMENT: Accepted. (ap) (Entered: 05/12/2020) |
| 05/08/2020 | | Minute Entry for proceedings held before Judge Denise L. Cote:Arraignment as to Prince Uko (1) Count 1,2 and Jacob Sagiao (2) Count 1,2 and Marylynn Peneueta (3) Count 1,2 and Britt Jackson (4) Count 1,2,4 and Joshua Fitten (5) Count 1,2 and Dontae Coterell (6) Count 1,2 and Arinze Obika (7) Count 1,2 and Herman Bass (9) Count 1,2 and David Uro (10) Count 1,2 and Victor Ahaiwe (11) Count 1,2,3 held on 5/8/2020. Defendant #1 Prince Uko present with attorney Benjamin Silverman via telephonic. Defendant #2 Jacob Sagiao present with attorney Jesse M. Siegel via telephonic. Defendant #3 Marylynn Peneueta present with attorney Lorraine Gauli-Rufo via telephonic. Defendant #4 Britt Jackson present with attorney Kristen Marie Santillo via telephonic. Defendant #5 Joshua Fitten present with attorney Valerie Alice Gotlib via telephonic. Defendant #6 |

A-10

| | | |
|---|---|---|
| | | Dontae Coterell present with attorney Steven Gary Brill via telephonic. Defendant #7 Arinze Obika present with attorney Howard Greenberg via telephonic. Defendant #8 Ndukwe Anyaogu FUGITIVE. Defendant #9 Herman Bass present with attorney Camille Marie Abate via telephonic. Defendant #10 David Uro present with attorney Marne Lynn Lenox via telephonic. Defendant #11 Victor Ahaiwe present with attorney Esereosonobraughue Joy Onaodowan via telephonic. Assistant U.S. Attorneys Jun Xiang and Kevin Mead present via telephonic. Court reporter Karen Gorlaski present via telephonic. Defendants present plead not guilty as charged in 20 Cr. 179. Any defense motions shall be due November 6, 2020. Govts opposition due November 20. Trial date set for March 1, 2021. Any motion to sever shall be due February 1, 2021. Defendants continued on bail. (jw) (Entered: 05/13/2020) |
| 05/08/2020 | | Minute Entry for proceedings held before Judge Denise L. Cote: Plea entered by Prince Uko (1) Count 1,2 and Jacob Sagiao (2) Count 1,2 and Marylynn Peneueta (3) Count 1,2 and Britt Jackson (4) Count 1,2,4 and Joshua Fitten (5) Count 1,2 and Dontae Coterell (6) Count 1,2 and Arinze Obika (7) Count 1,2 and Herman Bass (9) Count 1,2 and David Uro (10) Count 1,2 and Victor Ahaiwe (11) Count 1,2,3 Not Guilty ( Motion to sever due by 2/1/2021., Defense Replies due by 11/6/2020., Government Responses due by 11/20/2020) (jw) (Entered: 05/13/2020) |
| 06/18/2020 | 110 | SEALED DOCUMENT placed in vault. (dn) (Entered: 06/18/2020) |
| 08/11/2020 | 111 | SEALED DOCUMENT placed in vault. (dn) (Entered: 08/12/2020) |
| 09/01/2020 | 119 | LETTER MOTION addressed to Judge Denise L. Cote from AUSA Jun Xiang dated September 1, 2020 re: Provisional Appointment of Counsel . Document filed by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu. (Xiang, Jun) (Entered: 09/01/2020) |
| 09/02/2020 | 120 | ORDER: On August 13, 2020, Superseding Indictment S1 20 Cr. 179, charging three additional defendants in this case, was unsealed. Two of the three defendants were arrested on that day. Having received the Governments September 1, 2020 letter, it is hereby ORDERED that counsel shall be provisionally appointed in this district for defendants Sunday Okoro and Ikechukwu Elendu. IT IS FURTHER ORDERED that the Government shall promptly provide Provisionally Appointed Counsel with their clients contact information. IT IS FURTHER ORDERED that the arraignment of the two defendants is referred to the Magistrate Judge. IT IS FURTHER ORDERED that by September 11, 2020, the Provisionally Appointed Counsel shall inform this Court in writing of whether they have communicated with their clients. IT IS FURTHER ORDERED that the Government shall advise Provisionally Appointed Counsel of the trial and motion schedule set at the May 8, 2020 conference with the co-defendants. (Signed by Judge Denise L. Cote on 9/2/2020)(gr) (Entered: 09/02/2020) |
| 09/22/2020 | 131 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu addressed to Judge Denise L. Cote from AUSA Jun Xiang dated September 22, 2020 re: Status of Discovery Document filed by USA. (Xiang, Jun) (Entered: 09/22/2020) |
| 09/25/2020 | 136 | LETTER MOTION addressed to Judge Denise L. Cote from Esere Onaodowan dated 9/25/20 re: Joint Defense Request for the Adjournment of the Motions due date and Trial date . Document filed by Victor Ahaiwe as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu. Return Date set for 3/1/2021 at 09:00 AM. (Onaodowan, Esereosonobrughue) (Entered: 09/25/2020) |

A-11

| | | |
|---|---|---|
| 09/27/2020 | 137 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu addressed to Judge Denise L. Cote from AUSA Jun Xiang dated September 27, 2020 re: Defendants' Adjournment Requests Document filed by USA. (Xiang, Jun) (Entered: 09/27/2020) |
| 10/01/2020 | 138 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu: it is hereby ORDERED that the March 1, 2021 trial date is adjourned to June 28, 2021. Time under the Speedy Trial Act is excluded in the interest of justice from today until June 28, 2021, those interests outweighing the best interests of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h) (7) (A). It is anticipated that any defendant who wishes to resolve the charges by entering a plea of guilty will confer with the Government and arrange with the Court to enter a plea no later than May 28, 2021. IT IS FURTHER ORDERED that the time for the submission of defense motions is extended from November 11, 2020 to February 19, 2021. The Government's opposition shall be due March 5, 2021. This schedule does not include motions for severance, whose schedule is set forth below. IT IS FURTHER ORDERED thai defense counsel shall advise the Court by February 5, 2021, whether any defendant intends as of that date to proceed to trial. IT IS FURTHER ORDERED that each defense counsel shall promptly provide the defendant with a copy of this Order and discuss the schedule set forth herein. The trial date of June 28, 2021 is firm and will not move again. Any defendant requesting a change of counsel should do so now. IT IS FURTHER ORDERED that the Government will advise the Court no later than May 28, 2021 of which two defendants it wishes to bring to trial on June 28. Any motion by either of those defendants for a severance shall be filed by June 4, 2021. IT IS FURTHER ORDERED that the parties' Voir Dire requests and Requests to Charge as they pertain to these two defendants are due June 11, 2021. IT IS FURTHER ORDERED that a final pretrial conference will occur on June 25, 2021 in Courtroom 18B, 500 Pearl Street, at 10 a.m. The defendants proceeding to trial must be present in the courtroom for that conference. (Signed by Judge Denise L. Cote on 10/1/2020) (lnl) (Entered: 10/01/2020) |
| 10/05/2020 | 140 | SEALED DOCUMENT placed in vault. (jus) (Entered: 10/06/2020) |
| 10/05/2020 | 141 | SEALED DOCUMENT placed in vault. (jus) (Entered: 10/06/2020) |
| 11/20/2020 | 153 | LETTER MOTION addressed to Judge Denise L. Cote from Camille M. Abate dated November 20, 2020 re: Bail Modification . Document filed by Herman Bass. (Abate, Camille) (Entered: 11/20/2020) |
| 11/23/2020 | 154 | MEMO ENDORSEMENT as to Herman Bass (9) granting 153 LETTER MOTION addressed to Judge Denise L. Cote from Camille M. Abate dated November 20, 2020 re: Bail Modification. ENDORSEMENT: Granted. (Signed by Judge Denise L. Cote on 11/23/2020) (lnl) (Entered: 11/23/2020) |
| 11/30/2020 | 155 | BILL OF PARTICULARS by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu *(Forfeiture Bill of Particulars)*. (Mead, Kevin) (Entered: 11/30/2020) |
| 12/17/2020 | 156 | LETTER MOTION addressed to Judge Denise L. Cote from Camille M. Abate dated December 17, 2020 re: Relieve counsel and substitute new counsel . Document filed by Herman Bass. (Abate, Camille) (Entered: 12/17/2020) |
| 12/21/2020 | 157 | ORDER as to Herman Bass. Defendant Herman Bass, who is released on bail and resides in California, is represented by appointed counsel Camille M. Abate, Esq. In a letter |

A-12

| | | |
|---|---|---|
| | | dated December 17, 2020, Ms. Abate requests that new counsel be appointed to represent the defendant. It is hereby ORDERED that a telephone conference is scheduled for December 22, 2020 at 12 p.m., eastern standard time. The Court has arranged to have CJA counsel Matthew Galluzo participate. The parties, including the defendant, shall use the following dial-in credentials for the telephone conference: Dial-in: 888-363-4749 Access code: 4324948.IT IS FURTHER ORDERED that the parties shall use a landline if one is available.(Telephone Conference set for 12/22/2020 at 03:00 PM before Judge Denise L. Cote.) (Signed by Judge Denise L. Cote on 12/21/2020)(gr) (Entered: 12/21/2020) |
| 12/22/2020 | 158 | ORDER as to Herman Bass. ORDERED that the time of the telephone conference scheduled for this date at noon will occur at 3 p.m., eastern standard time. The parties, including the defendant, shall use the following dial-in credentials for the telephone conference: Dial-in: 888-363-4749 Access code:4324948. IT IS FURTHER ORDERED that the parties shall use a landline if one is available.. (Signed by Judge Denise L. Cote on 12/22/2020)(gr) (Entered: 12/22/2020) |
| 12/22/2020 | 159 | ORDER as to Herman Bass (9): As set forth at the telephone conference held on December 22, 2020, it is hereby ORDERED that C.J.A. counsel Camille Abate is relieved as counsel for the defendant and C.J.A. counsel Matthew Galluzo is appointed as new counsel for the defendant. IT IS FURTHER ORDERED that the Clerk of Court shall terminate Ms. Abates appearance.. (Signed by Judge Denise L. Cote on 12/22/2020) Copy Emailed By Chambers to Matthew Galluzo, Esq. (gr) (Entered: 12/22/2020) |
| 12/22/2020 | | Attorney update in case as to Herman Bass. Attorney Camille Marie Abate terminated. (gr) (Entered: 12/22/2020) |
| 12/22/2020 | | Minute Entry for proceedings held before Judge Denise L. Cote: Substitution of Counsel conference held by telephone as to Herman Bass held on 12/22/2020. Defendant present with current counsel Camile Abate. CJA counsel Matthew Galluzo present. AUSA Kevin Mead present. As set forth on the record, the Court relieves Ms. Abate and appoints Mr. Galluzo as counsel for the defendant. (Court Reporter Andrew Walker) (gr) (Entered: 12/22/2020) |
| 12/22/2020 | 160 | ORDER as to Herman Bass. It is hereby ORDERED that CJA counsel Camille Abate is relieved as counsel for the defendant and CJA counsel Matthew Galluzo is appointed as new counsel for the defendant. IT IS FURTHER ORDERED that the Clerk of Court shall terminate Ms. Abate's appearance (Signed by Judge Denise L. Cote on 12/22/20)(jw) (Entered: 12/22/2020) |
| 12/22/2020 | | Attorney update in case as to Herman Bass. Attorney Matthew John Galluzzo for Herman Bass added. (jw) (Entered: 12/22/2020) |
| 02/05/2021 | 169 | FIRST LETTER by Herman Bass addressed to Judge Denise L. Cote from Matthew Galluzo for Herman Bass dated 2/5/2021 re: intent to proceed to trial (Galluzzo, Matthew) (Entered: 02/05/2021) |
| 02/08/2021 | 173 | FIRST LETTER MOTION addressed to Judge Denise L. Cote from Matthew Galluzzo for Herman Bass dated February 8, 2021 re: funds for a discovery computer for Mr. Bass . Document filed by Herman Bass. (Galluzzo, Matthew) (Entered: 02/08/2021) |
| 02/08/2021 | 174 | ORDER granting 173 LETTER MOTION as to Herman Bass (9): It is hereby ORDERED that defense counsel's request for CJA funds to purchase a laptop for the defendant to review discovery is granted. IT IS FURTHER ORDERED that the defendant shall abide by the terms of the Protective Order (Dkt. 93) concerning all Disclosure Material (as that term is defined in the Protective Order) placed on the laptop, and in particular shall not post Disclosure Material on any internet site or network site and shall |

A-13

| | | not disclose it to the media or other third parties, and as further set forth in this order. (Signed by Judge Denise L. Cote on 2/8/2021) (jwh) (Entered: 02/08/2021) |
|---|---|---|
| 02/10/2021 | 176 | ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu: This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to confirm the Governments disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.....(See Order) (Signed by Judge Denise L. Cote on 2/10/2021)(gr) (Entered: 02/10/2021) |
| 03/02/2021 | 185 | SCHEDULING ORDER as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu: An Order of October 1, 2020 granted the request of the defendants to adjourn the trial, scheduled then to begin on March 1, to a date in June 2021. The Order advised the parties that the trial would begin on June 28, 2021. The Southern District of New York has reconfigured courtrooms and other spaces in its courthouses to allow criminal jury trials to proceed as safely as possible during the COVID-19 pandemic. On February 26, the Clerks Office notified district judges of the dates on which jury selection could commence during the months of April through June 2021 in the reconfigured spaces. Accordingly, the parties are hereby NOTIFIED that the trial of no more than two defendants in this action will commence with jury selection on June 7, 2021. IT IS HEREBY ORDERED that the Government will advise the Court no later than May 24, 2021 of which two defendants it wishes to bring to trial on that date.IT IS FURTHER ORDERED that any motion by either of those defendants for a severance shall be filed by May 27. IT IS FURTHER ORDERED that the Voir Dire requests and Requests to Charge for these two defendants are due by noon on June 1, 2021. IT IS FURTHER ORDERED that the final pretrial conference will occur on June 4, 2021 at 9:30 a.m. in Courtroom 18B, 500 Pearl Street. The Court's Individual Rules of Trial Practice in Criminal Cases are enclosed. (Signed by Judge Denise L. Cote on 3/2/2021) (Attachment: # 1 Appendix - Judge Cote's Individual Rules of Trial Practice In Criminal Cases)(gr) (Entered: 03/02/2021) |
| 03/29/2021 | 204 | LETTER by Marylynn Peneueta as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu addressed to Judge Denise L. Cote from Lorraine Gauli-Rufo dated 3/22/2021 re: Waiver of Right To Be Present at Criminal Proceeding Document filed by Marylynn Peneueta. (Gauli-Rufo, Lorraine) (Entered: 03/29/2021) |
| 04/07/2021 | 214 | ORDER as to Herman Bass. Having received a report from Pretrial Services of the defendant's arrest on April 6, 2021, it is hereby ORDERED that a warrant shall issue for the defendant's arrest. IT IS FURTHER ORDERED that the defendant's bail is revoked and he is remanded. IT IS FURTHER ORDERED that defense counsel may contact Chambers to schedule a bail review hearing at any time. SO ORDERED. (Signed by Judge Denise L. Cote on 4/7/21)(jbo) (Entered: 04/07/2021) |
| 04/21/2021 | 227 | FIRST LETTER MOTION addressed to Judge Denise L. Cote from Matthew Galluzzo dated 4/21/2021 re: bail review hearing . Document filed by Herman Bass. (Galluzzo, Matthew) (Entered: 04/21/2021) |
| 04/21/2021 | 228 | ORDER terminating 227 FIRST LETTER MOTION re: bail review hearing as to Herman Bass (9): Defense counsel shall consult with the Government and schedule a bail hearing with the Court as soon as he desires. The Marshals have been asked to bring the defendant to New York as soon as possible. (Signed by Judge Denise L. Cote on 4/21/2021) (jwh) (Entered: 04/21/2021) |

| | | |
|---|---|---|
| 04/22/2021 | 230 | ORDER as to Herman Bass. It is hereby ORDERED that a bail review hearing is scheduled for April 23, 2021 at 4:00 PM and shall take place by telephone. The dial-in credentials for the telephone conference are the following: Dial-in: Access code:888-363-4749; 4324948. IT IS FURTHER ORDERED that the defendant shall file any written submission he wishes the Court to consider by 4:00 PM on April 22, 2021 ( Bail Review Hearing set for 4/23/2021 at 04:00 PM before Judge Denise L. Cote.) (Signed by Judge Denise L. Cote on 4/22/21)(jw) (Entered: 04/22/2021) |
| 04/22/2021 | 232 | LETTER by Herman Bass addressed to Judge Denise L. Cote from Matthew Galluzzo dated 4/22/2021 re: bail review hearing (Galluzzo, Matthew) (Entered: 04/22/2021) |
| 04/23/2021 | | Minute Entry for proceedings held before Judge Denise L. Cote: Bond Hearing as to Herman Bass held on 4/23/2021. Today's proceeding conducted via telephone conference. Defense Attorney Matthew Galluzzo present and waived defendant's presence. Assistant U.S. Attorneys Kevin Mead and Jun Xiang present. Bond hearing held. Bail denied. (see transcript.) (Court Reporter Rose Prater) (ap) (Entered: 04/23/2021) |
| 04/26/2021 | 235 | LETTER by USA as to Prince Uko, Jacob Sagiao, Marylynn Peneueta, Britt Jackson, Joshua Fitten, Dontae Coterell, Arinze Obika, Ndukwe Anyaogu, Herman Bass, David Uro, Victor Ahaiwe, Sunday Okoro, Collins Eneh, Ikechukwu Elendu addressed to Judge Denise L. Cote from Kevin Mead dated April 26, 2021 re: Response to Order at Dkt. 185 Informing the Court that the Government Intends to Bring Defendants Victor Ahaiwe and Herman Bass to Trial on June 7, 2021 Document filed by USA. (Mead, Kevin) (Entered: 04/26/2021) |
| 04/28/2021 | 242 | ORDER as to (20-Cr-179-09) Herman Bass. WHEREAS defendant Herman Bass having been arrested on April 6, 2021 in connection with a California state court offense and is being held in a Los Angeles County jail, and WHEREAS defendant is currently scheduled to begin jury trial in connection with the above-captioned case in the Southern District of New York on June 7, 2021, and WHEREAS a writ for the defendant's production for trial having been issued by this Court on April 15, 2021, it is hereby ORDERED that the United States Marshals shall produce the defendant to a designated pretrial detention facility in the New York City area no later than May 7, 2021 in order for defendant and defense counsel to begin trial preparations. SO ORDERED: (Signed by Judge Denise L. Cote on 4/28/2021)(bw) (Entered: 04/28/2021) |
| 05/02/2021 | 246 | JOINT LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated May 2, 2021 re: Motion in Limine and Defense Expert Notice Schedule . Document filed by USA as to Herman Bass, Victor Ahaiwe. (Mead, Kevin) (Entered: 05/02/2021) |
| 05/03/2021 | 247 | MEMO ENDORSEMENT as to Herman Bass, Victor Ahaiwe on 246 JOINT LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated May 2, 2021 re: Motion in Limine and Defense Expert Notice Schedule. ENDORSEMENT: The enclosed is adopted. (Motions due by 5/17/2021. Responses due by 5/24/2021) (Signed by Judge Denise L. Cote on 5/3/2021) (lnl) (Entered: 05/03/2021) |
| 05/17/2021 | 258 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** - FIRST MOTION in Limine . Document filed by Herman Bass. (Galluzzo, Matthew) Modified on 5/20/2021 (dkc). (Entered: 05/17/2021) |
| 05/17/2021 | 260 | MOTION in Limine . Document filed by USA as to Herman Bass, Victor Ahaiwe. (Mead, Kevin) (Entered: 05/17/2021) |
| 05/18/2021 | 263 | JOINT LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated May 18, 2021 re: Request to Adjourn Motion in Limine Opposition Deadlines with Respect to Herman Bass in Light of Anticipated Plea . Document filed by USA as to Herman Bass. (Mead, Kevin) (Entered: 05/18/2021) |

**A-15**

| | | |
|---|---|---|
| 05/19/2021 | 264 | MEMO ENDORSEMENT as to Herman Bass (9) granting 263 JOINT LETTER MOTION addressed to Judge Denise L. Cote from Kevin Mead dated May 18, 2021 re: Request to Adjourn Motion in Limine Opposition Deadlines with Respect to Herman Bass in Light of Anticipated Plea. ENDORSEMENT: Granted. (Signed by Judge Denise L. Cote on 5/19/2021) (ap) (Entered: 05/19/2021) |
| 05/19/2021 | | Set/Reset Deadlines as to Herman Bass: (Responses due by 5/28/2021) (ap) (Entered: 05/19/2021) |
| 05/19/2021 | 265 | ORDER as to Herman Bass: ORDERED that the change of plea shall take place on May 26, 2021 at 11:00 AM using the CourtCall platform. Defense counsel is reminded that he will be given an opportunity to speak with the defendant by telephone for fifteen minutes before the proceeding begins (i.e., at 8:45 a.m.). To optimize the quality of the video feed, only the Court, the defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others will participate by telephone. Due to the limited capacity of the CourtCall system, only one counsel per party may participate. Co-counsel, members of the press, and the public may access the audio feed of the conference by calling 855-268-7844 and using access code 32091812# and PIN 9921299#. (Change of Plea Hearing set for 5/26/2021 at 11:00 AM before Judge Denise L. Cote) (Signed by Judge Denise L. Cote on 5/19/2021) (See ORDER set forth) (ap) (Entered: 05/19/2021) |
| 05/20/2021 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Herman Bass: Notice to Attorney Matthew Galluzzo to RE-FILE Document 258 FIRST MOTION in Limine . Use the event type Letter Motion found under the event list Motion. (dkc)** (Entered: 05/20/2021) |
| 05/20/2021 | 266 | FIRST LETTER MOTION addressed to Judge Denise L. Cote from Matthew Galluzzo for Herman Bass dated May 17, 2021 re: motion in limine . Document filed by Herman Bass. (Galluzzo, Matthew) (Entered: 05/20/2021) |
| 05/26/2021 | 274 | CONSENT PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT as to Herman Bass. (Signed by Judge Denise L. Cote on 5/26/2021) (See ORDER as set forth) (Three certified copies of this ORDER were forwarded to AUSA Alexander Wilson by the Clerk's Office on 5/26/2021) (lnl) (Entered: 05/26/2021) |
| 05/26/2021 | | Minute Entry for proceedings held before Judge Denise L. Cote: Change of Plea Hearing as to Herman Bass held on 5/26/2021. Today's proceeding conducted via videoconference using CourtCall with consent of the defendant. Defendant present with attorney Matthew Galluzzo. Assistant U.S. Attorney Jun Xiang present. Court reporter Kristen Carannante present. Change of Plea hearing held. Defendant withdraws his not guilty plea and pleads guilty as charged to count 2 of the indictment. The Court accepts the guilty plea. PSI Ordered. Sentence date set for September 10, 2021 at 9:00 AM. Defendant's sentencing submission shall be due August 27, 2021. Government's response due September 3, 2021. Detention continued. (see transcript.) (Sentencing set for 9/10/2021 at 09:00 AM before Judge Denise L. Cote) **Plea entered by Herman Bass (9) Guilty as to Count 2.** (lnl) (Entered: 05/26/2021) |
| 05/26/2021 | | Oral Order of Referral to Probation for Presentence Investigation and Report as to Herman Bass. (Signed by Judge Denise L. Cote on 5/26/2021) (lnl) (Entered: 05/26/2021) |
| 06/09/2021 | 296 | TRANSCRIPT of Proceedings as to Herman Bass re: Conference held on 5/26/21 before Judge Denise L. Cote. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2021. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 7/12/2021. Release of Transcript Restriction set for 9/7/2021. (McGuirk, Kelly) (Entered: 06/09/2021) |
| 06/09/2021 | 297 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Herman Bass. Notice is hereby given that an official transcript of a Conference proceeding held on 5/26/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/09/2021) |
| 07/09/2021 | 354 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 07/09/2021) |
| 08/09/2021 | 366 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 08/09/2021) |
| 08/09/2021 | 367 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 08/09/2021) |
| 08/11/2021 | 370 | ORDER as to Herman Bass: A sentencing is scheduled to occur on September 10, 2021 at 9:00 AM. The defendant is incarcerated. Due to the COVID-19 pandemic, the defendant may have the option of appearing in court or through a videoconference. If, due to the increase in demand for videoconference proceedings, a videoconference is not available it may be possible to arrange for a telephone conference. Accordingly, it is hereby ORDERED that defense counsel shall respond to the following two questions by 12:00 PM on August 26, 2021: 1) Does the defendant consent to have the proceeding occur as a videoconference? 2) If a videoconference is unavailable, does the defendant consent to have the proceeding occur as a telephone conference? If the defendant consents to either option, please complete and file on ECF the written consent form attached to this Order if it is feasible to do so. (Signed by Judge Denise L. Cote on 8/11/2021) (Attachments: # 1 WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING) (lnl) (Entered: 08/11/2021) |
| 08/16/2021 | 372 | FIRST LETTER MOTION addressed to Judge Denise L. Cote from Matthew Galluzzo dated 8/16/2021 re: sentencing adjournment . Document filed by Herman Bass. (Galluzzo, Matthew) (Entered: 08/16/2021) |
| 08/16/2021 | 373 | MEMO ENDORSEMENT re: 372 FIRST LETTER MOTION addressed to Judge Denise L. Cote from Matthew Galluzzo dated 8/16/2021 re: sentencing adjournment....ENDORSEMENT...Application Granted in Part. The sentencing is adjourned to September 23, 2021 at 10:00 AM in Courtroom 18B, 500 Pearl Street. Defense submission are now due September 17, and Government submissions are due September 21. (Signed by Judge Denise L. Cote on 8/16/21) (jw) (Entered: 08/16/2021) |
| 08/16/2021 | | Set/Reset Deadlines/Hearings as to Herman Bass:Defense submission due by 9/17/2021. Government submission due by 9/21/2021; Sentencing set for 9/23/2021 at 10:00 AM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote (jw) (Entered: 08/16/2021) |
| 09/09/2021 | 405 | SENTENCING SUBMISSION by Herman Bass. (Attachments: # 1 Exhibit Exhibit A: Mitigation Report from the Consulting Project, # 2 Exhibit Exhibit B: Character Letters, # 3 Exhibit Exhibit C: Character Letters, # 4 Exhibit Exhibit D: Character Letter) (Galluzzo, Matthew) (Entered: 09/09/2021) |
| 09/13/2021 | 406 | ORDER as to Herman Bass: A sentencing is scheduled to occur on September 23, 2021 at 10:00 AM. The defendant is incarcerated. Due to the COVID-19 pandemic, the defendant may have the option of appearing in court or through a videoconference. If, due to the increase in demand for videoconference proceedings, a videoconference is not available it may be possible to arrange for a telephone conference. Accordingly, it is hereby ORDERED that defense counsel shall respond to the following two questions by |

| | | |
|---|---|---|
| | | 12:00 PM on September 16, 2021: 1) Does the defendant consent to have the proceeding occur as a videoconference? 2) If a videoconference is unavailable, does the defendant consent to have the proceeding occur as a telephone conference? If the defendant consents to either option, please complete and file on ECF the written consent form attached to this Order if it is feasible to do so. (Signed by Judge Denise L. Cote on 9/13/2021) (Attachments: # 1 ATTACHMENT)(ap) (Entered: 09/13/2021) |
| 09/16/2021 | 412 | FIRST LETTER by Herman Bass addressed to Judge Denise L. Cote from Matthew Galluzzo, attorney for Herman Bass dated September 16, 2021 re: appearance at sentencing (Attachments: # 1 Supplement)(Galluzzo, Matthew) (Entered: 09/16/2021) |
| 09/16/2021 | 414 | ORDER as to Herman Bass: The defendant is scheduled to be sentenced in person in Courtroom 18B, 500 Pearl Street, on September 23, 2021 at 10:00 AM. IT IS FURTHER ORDERED that members of the press and family members who are not able to attend the in court proceeding may listen to it through a telephone link by calling 888-363-4749 and using access code 4324948. (Signed by Judge Denise L. Cote on 9/16/2021) (See ORDER set forth) (ap) (Entered: 09/16/2021) |
| 09/20/2021 | 419 | Sentencing Letter by USA as to Herman Bass addressed to Hon. Denise L. Cote from Kevin Mead and Jun Xiang dated September 20, 2021 re: Sentencing of Defendant Herman Bass. (Mead, Kevin) (Entered: 09/20/2021) |
| 09/21/2021 | 421 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 09/21/2021) |
| 09/21/2021 | 422 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 09/21/2021) |
| 09/21/2021 | 424 | Sentencing Letter by Herman Bass addressed to Judge Denise L. Cote from Herman Bass dated 9/21/2021 re: sentencing. (Galluzzo, Matthew) (Entered: 09/21/2021) |
| 09/23/2021 | | Minute Entry for proceedings held before Judge Denise L. Cote: Sentencing held on 9/23/2021 for Herman Bass (9) Count 2. Today's proceeding was held in person, in Courtroom 18B. Defendant #9 Herman Bass present with attorney Matthew Galluzzo. Assistant U.S. Attorney Jun Xiang present. Court reporter Sadie Herbert present. Sentencing held. The defendant is sentenced as set forth in the Judgment In A Criminal Case. Defendant advised of his right to appeal. Detention continued. (see transcript.) (jbo) (Entered: 09/23/2021) |
| 09/23/2021 | 426 | CONSENT ORDER OF RESTITUTION as to Herman Bass. (Signed by Judge Denise L. Cote on 9/23/2021) (See ORDER set forth) (ap) (Entered: 09/24/2021) |
| 09/24/2021 | | DISMISSAL OF COUNTS on Government Motion as to Herman Bass (9) Count 1. (lnl) (Entered: 09/24/2021) |
| 09/24/2021 | 427 | JUDGMENT IN A CRIMINAL CASE as to Herman Bass (9). The Defendant pleaded guilty to count 2. Count 1 is dismissed on the motion of the United States. IMPRISONMENT: 30 months. The defendant is remanded to the custody of the United States Marshal. SUPERVISED RELEASE: 3 years. ASSESSMENT: $100.00 due immediately. RESTITUTION: $176,174.84. (Signed by Judge Denise L. Cote on 9/24/2021) (See JUDGMENT as set forth) (lnl) (Entered: 09/24/2021) |
| 10/04/2021 | 447 | NOTICE OF APPEAL by Herman Bass from 427 Judgment. (nd) (Entered: 10/04/2021) |
| 10/04/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Herman Bass to US Court of Appeals re: 447 Notice of Appeal. (nd) (Entered: 10/04/2021) |
| 10/04/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Herman Bass re: 447 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 10/04/2021) |

A-18

| 10/05/2021 | 449 | SEALED DOCUMENT placed in vault. (jus) (Entered: 10/05/2021) |
|---|---|---|
| 10/28/2021 | 463 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 10/28/2021) |
| 11/16/2021 | 477 | EMERGENCY MOTION FOR COMPASSIONATE RELEASE & APPOINTMENT OF COUNSEL, UNDER 18 U.S.C. 3582(c)(1)(A) Document filed by Herman Bass. (ap) (Entered: 11/16/2021) |
| 11/17/2021 | 478 | ORDER as to (20-Cr-179-9) Herman Bass. Herman Bass seeks compassionate release pursuant to Title 18, United States Code, Section 3582(c)(1)(a). The request is denied. Bass pleaded guilty to a single count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), on May 26, 2021. He was sentenced to 30 months' imprisonment on September 23, 2021 and is now incarcerated at the Metropolitan Detention Center -- Brooklyn ("MDC"). On November 16, 2021, shortly after beginning his sentence, Bass moved for compassionate release....[*** See this Order ***]... Accordingly, it is hereby ORDERED that Bass' motion for compassionate release is denied. IT IS FURTHER ORDERED that the Clerk of Court shall mail Bass a copy of this Order and note mailing on the docket. (Signed by Judge Denise L. Cote on 11/17/2021)(bw) (Entered: 11/17/2021) |
| 11/17/2021 | | REMARK as to Herman Bass (9). RE: 478 ORDER. On 11/17/2021, the Clerk of the Court has mailed a copy of this Order to: Herman Bass, Reg. No. 79331-112, MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232. (bw) (Entered: 11/17/2021) |
| 11/18/2021 | 479 | MOTION For Bail Pending Direct Appeal, Brought Under Title 18, US Code, Section 3143(b) Document filed by Herman Bass. (Main Document 479 replaced on 11/30/2021) (jw). (Entered: 11/19/2021) |
| 11/19/2021 | 480 | MEMO ENDORSED denying 479 Motion for Bail Pending Direct Appeal, Brought Under Title 18, US Code, Section 3143(b) as to Herman Bass (9)... ENDORSEMENT: Denied. The defendant plead guilty pursuant to a plea agreement in which he waived the right to appeal any sentence of 37 months or lower. He was sentenced to 30 months in prison after his guidelines had been calculated to include an acceptance of responsibility adjustment and his handwritten sentencing letter purported to take responsibility and express remorse. There is no merit to this appeal. (Signed by Judge Denise L. Cote on 11/19/21) (jbo) (Entered: 11/19/2021) |
| 11/29/2021 | 481 | NOTICE OF APPEAL (Interlocutory) by Herman Bass from 480 Memo Endorsed denying motion for bail. (nd) (Entered: 11/29/2021) |
| 11/29/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Herman Bass to US Court of Appeals re: 481 Notice of Appeal - Interlocutory. (nd) (Entered: 11/29/2021) |
| 11/29/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Herman Bass re: 481 Notice of Appeal - Interlocutory were transmitted to the U.S. Court of Appeals. (nd) (Entered: 11/29/2021) |
| 11/30/2021 | 482 | INTERNET CITATION NOTE as to Herman Bass: Material from decision with Internet citation re: 478 Order. (sjo) (Entered: 11/30/2021) |
| 11/30/2021 | 483 | MOTION For Bail Pending Direct Appeal, Brought Under Title 18, US Code, Section 3143(b) filed by Herman Bass. (jw) (Entered: 11/30/2021) |
| 11/30/2021 | 485 | ORDER as to Herman Bass. On November 18, 2021, Herman Bass filed two motions for bail pending direct appeal. One contained his name in the body of the motion. The other contained the name of Ryan Rainford ("Rainford Motion"). In all other aspects, the motions appear to be identical. Bass' motion was denied on November 19. Accordingly, it |

| | | is hereby ORDERED that the Rainford Motion is denied as mistakenly filed. IT IS FURTHER ORDERED that the Clerk of Court shall mail Bass a copy of this Order and note mailing on the docket. (Signed by Judge Denise L. Cote on 11/30/21)(jbo) (Entered: 12/01/2021) |
| 11/30/2021 | 486 | NOTICE OF MAILING as to Herman Bass: Sent a copy of order dated 11/30/21 (Dkt.485) to HERMAN BASS, REGISTER NO. 79331-112, MDC BROOKLYN, P.O. BOX 329002, BROOKLYN, NEW YORK 11232. (jbo) (Entered: 12/01/2021) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/16/2021 14:18:52 | | |
| **PACER Login:** | jswallensteinesq | **Client Code:** | Bass |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cr-00179-DLC |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt CJA |

A-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :    INDICTMENT
                                :
        - v. -                  :    20 Cr.
                                :
PRINCE UKO,                     :
JACOB SAGIAO,                        20 CRIM   179
MARYLYNN PENEUETA,              :
BRITT JACKSON,                  :
JOSHUA FITTEN,                  :
DONTAE COTTRELL,                :
ARINZE OBIKA,                   :
NDUKWE ANYAOGU,                 :
HERMAN BASS,                    :
DAVID URO, and                  :
VICTOR AHAIWE,                  :
                                :
        Defendants.             :
                                :
- - - - - - - - - - - - - - - - X

## COUNT ONE

### (Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

1.    From at least in or about July 2018 up to and

including at least in or about May 2019, in the Southern

District of New York and elsewhere, PRINCE UKO, JACOB SAGIAO,

MARYLYNN PENEUETA, BRITT JACKSON, JOSHUA FITTEN, DONTAE

COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU, HERMAN BASS, DAVID URO,

and VICTOR AHAIWE, the defendants, and others known and unknown,

willfully and knowingly, did combine, conspire, confederate, and

agree together and with each other to commit bank fraud, in

violation of Title 18, United States Code, Section 1344.

2.    It was a part and an object of the conspiracy that
PRINCE UKO, JACOB SAGIAO, MARYLYNN PENEUETA, BRITT JACKSON,
JOSHUA FITTEN, DONTAE COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU,
HERMAN BASS, DAVID URO, and VICTOR AHAIWE, the defendants, and
others known and unknown, willfully and knowingly, would and did
execute and attempt to execute a scheme and artifice to defraud
a financial institution, the deposits of which were then insured
by the Federal Deposit Insurance Corporation, and to obtain
moneys, funds, credits, assets, securities, and other property
owned by, and under the custody and control of, such financial
institution, by means of false and fraudulent pretenses,
representations, and promises, in violation of Title 18, United
States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

3.    From at least in or about July 2018 up to and
including at least in or about May 2019, in the Southern
District of New York and elsewhere, PRINCE UKO, JACOB SAGIAO,
MARYLYNN PENEUETA, BRITT JACKSON, JOSHUA FITTEN, DONTAE
COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU, HERMAN BASS, DAVID URO,
and VICTOR AHAIWE, the defendants, and others known and unknown,
willfully and knowingly did combine, conspire, confederate, and

2

agree together and with each other to commit money laundering,
in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

4.   It was a part and an object of the conspiracy that
PRINCE UKO, JACOB SAGIAO, MARYLYNN PENEUETA, BRITT JACKSON,
JOSHUA FITTEN, DONTAE COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU,
HERMAN BASS, DAVID URO, and VICTOR AHAIWE, the defendants, and
others known and unknown, knowing that the property involved in
certain financial transactions represented the proceeds of some
form of unlawful activity, would and did conduct and attempt to
conduct such financial transactions which in fact involved the
proceeds of specified unlawful activity, to wit, wire fraud
schemes involving business email compromises, knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership,
and the control of the proceeds of specified unlawful activity,
in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT THREE

### (Aggravated Identity Theft)

The Grand Jury further charges:

5.   From at least in or about February 2019 up to and
including at least in or about May 2019, in the Southern District

3

of New York and elsewhere, VICTOR AHAIWE, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, AHAIWE controlled and transacted in a bank account of another person, who was deceased, including by using a debit card for that bank account, while holding himself out to be that other person, during and in relation to the bank fraud conspiracy alleged in Count One of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

### COUNT FOUR

### (Wire Fraud)

The Grand Jury further charges:

6.  From at least in or about June 2019 up to and including the present, in the Southern District of New York and elsewhere, BRITT JACKSON, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, JACKSON

4

participated in and received proceeds from an online romance
fraud, in which the victim was induced to send money to JACKSON
based on false representations, and, in furtherance of such
scheme, JACKSON caused an interstate wire to be sent from
Pennsylvania to Georgia, which wire was processed through a bank
located in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE

### (Wire Fraud)

The Grand Jury further charges:

7.    From at least in or about October 2018 up to and
including at least in or about October 2018, in the Southern
District of New York and elsewhere, NDUKWE ANYAOGU, the
defendant, willfully and knowingly, having devised and intending
to devise a scheme and artifice to defraud, and for obtaining
money and property by means of false and fraudulent pretenses,
representations, and promises, did transmit and cause to be
transmitted by means of wire, radio, and television
communication in interstate and foreign commerce, writings,
signs, signals, pictures, and sounds, for the purpose of
executing such scheme and artifice, to wit, ANYAOGU participated
in and received the proceeds from an email compromise scheme in
which a law firm in Fiji was induced to send money to ANYAOGU
based on false representations, and, in furtherance of such

scheme, ANYAOGU caused an international wire to be sent from Fiji to Georgia, which wire was processed through a correspondent bank located in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATIONS

8.    As a result of committing the offense alleged in Count One of this Indictment, PRINCE UKO, JACOB SAGIAO, MARYLYNN PENEUETA, BRITT JACKSON, JOSHUA FITTEN, DONTAE COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU, HERMAN BASS, DAVID URO, and VICTOR AHAIWE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

9.    As a result of committing the offenses alleged in Count Two of this Indictment, PRINCE UKO, JACOB SAGIAO, MARYLYNN PENEUETA, BRITT JACKSON, JOSHUA FITTEN, DONTAE COTTRELL, ARINZE OBIKA, NDUKWE ANYAOGU, HERMAN BASS, DAVID URO, and VICTOR AHAIWE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not

6

A-26

C

limited to a sum of money in United States currency representing the amount of property involved in said offense.

10. As a result of committing the offense alleged in Count Four of this Indictment, BRITT JACKSON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

11. As a result of committing the offense alleged in Count Five of this Indictment, NDUKWE ANYAOGU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Asset Provision**

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due

7

diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 981, 982;
   Title 21, United States Code, Section 853; and
   Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

8

**A-28**

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

**v.**

**PRINCE UKO,**
**JACOB SAGIAO,**
**MARYLYNN PENEUETA,**
**BRITT JACKSON,**
**JOSHUA FITTEN,**
**DONTAE COTTRELL,**
**ARINZE OBIKA,**
**NDUKWE ANYAOGU,**
**HERMAN BASS,**
**DAVID URO, and**
**VICTOR AHAIWE,**

**Defendants.**

---

### INDICTMENT

20 Cr.

(18 U.S.C. §§ 1028A, 1343, 1349,
1956(h), and 2.)

---

GEOFFREY S. BERMAN
United States Attorney

Foreperson

---

3/4/2020

Filed Indictment
Case assigned to Judge Cote

USMJ For
MGL

A-29

 **U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 6, 2021

Matthew John Galluzzo
The Law Office of Matthew Galluzzo PLLC
11 Broadway Suite 715
10004
New York, NY 10004

Re: *United States v. Herman Bass*, **20 Cr. 179 (DLC)**

Dear Mr. Galluzzo:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Herman Bass ("the defendant") to Count Two of the above-referenced Indictment (the "Indictment"). Count Two charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). Count Two carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine pursuant to Title 18, United States Code, Section 1956(a) of the greatest of $500,000 or twice the value of the property involved in the transaction; and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for conspiring to commit money laundering between at least July 2018, up to and including at least May 2019, as alleged in Count Two of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count Two of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $220,432 in United States currency, representing property involved in said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

2020.11.02

The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in the amount of $220,432, in accordance with Title 18, United States Code, Sections 3663 and 3663A.

**A.  Offense Level**

1.  The November 1, 2018 edition of the Guidelines Manual applies to Count Two.

2.  Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level for Count Two is eight plus the number of offense levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the laundered funds.  Because the value of the laundered funds is approximately $220,432, 10 levels are added.

3.  Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), because the defendant was convicted under 18 U.S.C. § 1956, two levels are added.

4.  Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 17.

**B.  Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has four criminal history points, calculated as follows:

1.  In or about 2000, following an arrest on or about September 14, 2000, the defendant was convicted in Los Angeles County Superior Court of being a minor in possession of alcohol, in violation of California Business and Professions Code Section 25662.  In or about 2000, the defendant was sentenced principally to a term of imprisonment of two days and a term of probation of one year.  Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

2.  In or about 2007, following an arrest on or about July 2, 2007, the defendant was convicted in Los Angeles County Superior Court of disturbing the peace in violation of California Penal Code Section 415(2).  In or about 2007, the defendant was sentenced principally to a fine. Pursuant to U.S.S.G. § 4A1.2(c)(1), this sentence results in zero criminal history points.

A-31

3.  In or about 2014, following an arrest on or about February 12, 2014, the defendant was convicted in Los Angeles County Superior Court of, *inter alia*, driving under the influence of alcohol in violation of California Vehicle Code Section 23152(A). In or about 2014, the defendant was sentenced principally to a term of imprisonment of 180 days. Pursuant to U.S.S.G. § 4A1.1(b), this sentence results in two criminal history points.

4.  In or about 2014, following an arrest on or about May 10, 2014, the defendant was convicted in Los Angeles County Superior Court of driving with a suspended license in violation of California Vehicle Code Section 14601.1(A). In or about 2014, the defendant was sentenced principally to a term of imprisonment of 176 days. Pursuant to U.S.S.G. § 4A1.1(b), this sentence results in two criminal history points.[1]

In accordance with the foregoing, the defendant's Criminal History Category is III.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 30 to 37 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 17, the applicable fine range is $10,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for

---

[1] Pursuant to U.S.S.G. § 4A1.2(c)(1), a conviction for driving with a suspended license results in criminal history points when the term of imprisonment is greater than 30 days.

2020.11.02

acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 30 to 37 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $500,000, and the Government agrees not to appeal or bring a collateral challenge of any fine that is greater than or equal to $10,000. The defendant also agrees not to appeal or bring a collateral challenge of any restitution or forfeiture amount that is less than or equal to $220,432, and the Government agrees not to appeal or bring a collateral challenge of any restitution or forfeiture amount that is greater than or equal to $220,432. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $100.

A-33

Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

2020.11.02

Page 6

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

AUDREY STRAUSS
United States Attorney

By:    */s/ Kevin Mead*
Kevin Mead/Jun Xiang
Assistant United States Attorneys
(212) 637-2211 / 2289

APPROVED:


*/s/ Christopher J. DiMase*
Christopher J. DiMase
Co-Chief, General Crimes Unit


AGREED AND CONSENTED TO:

_____        5-26-21
Herman Bass                    DATE


APPROVED:

_____        5-26-21
Matthew John Galluzzo          DATE
Attorney for Herman Bass

2020.11.02

L5q2BasP kjc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                          20 Cr. 179 (DLC)

5   HERMAN BASS,

6                  Defendant.

7   ------------------------------x        Videoconference

8                                          May 26, 2021
                                           11:00 a.m.
9

10  Before:

11                      HON. DENISE L. COTE,

12                                         District Judge

13

14                        APPEARANCES

15
    AUDREY STRAUSS
16       United States Attorney for the
         Southern District of New York
17  BY:  JUN XIANG
         Assistant United States Attorney
18

19  MATTHEW J. GALLUZZO
         Attorney for Defendant
20

21

22

23

24

25

L5q2BasP kjc

1

2              THE COURT:  This is United States v. Bass, 20 Cr. 179.

3         Is the government ready to proceed?

4              MR. XIANG:  Yes, your Honor.  Jun Xiang for the

5    government.

6              THE COURT:  Is defense counsel ready to proceed?

7              MR. GALLUZZO:  Yes, your Honor.  Matthew Galluzzo for

8    the defendant.

9              THE COURT:  Thank you.  And Mr. Bass, are you ready to

10   proceed?

11             MR. GALLUZZO:  Yes, your Honor.

12             THE COURT:  Thank you.

13        Let me set the stage for what is happening here.  We

14   are in the middle of a worldwide pandemic.  The situation in

15   New York is much improved because of the rollout of the

16   vaccinations, but there still are significant incidents of

17   COVID-19 virus in New York City, and there, of course, are

18   restrictions imposed by the Bureau of Prisons on inmates

19   because of the virus, and therefore this district still offers

20   defendants the option to be present in court in person for

21   proceedings like this one or to appear remotely through

22   videoconference facilities like the one we are using today,

23   which is Court Call.

24        I am able to see the defendant and defense counsel.

25   The government is calling in by telephone.

L5q2BasP kjc

1          Mr. Bass, are you able to see me and your attorney?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  Did you hear the government when the

4     government introduced himself?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  And let me ask you, Mr. Galluzzo, are you

7     able to see me and your client?

8          MR. GALLUZZO:  Yes, I am, your Honor.  Thank you.

9          THE COURT:  And could you hear the United States

10    Attorney when he spoke?

11         MR. GALLUZZO:  Yes, I could.  Thank you.

12         THE COURT:  It is my understanding that Mr. Galluzzo

13    and Mr. Bass have discussed the options that the defendant has,

14    whether to appear in court today or to use this videoconference

15    facility for the proceeding.  Am I correct, Mr. Galluzzo, that

16    you have had those conversations with your client and that he

17    has indicated a preference for videoconference facility for

18    today's entry of a plea of guilty?

19         MR. GALLUZZO:  Yes.  I have discussed this issue with

20    my client, and he does consent to proceed this way, your Honor.

21         THE COURT:  And Mr. Bass, did you hear what I said and

22    what your attorney just told me?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Is that accurate?

25         THE DEFENDANT:  Yes, ma'am.

L5q2BasP kjc

1          THE COURT:  I find a knowing and voluntary waiver of

2     the right to appear in person in court.

3          I note for the record, as well, that we have a trial

4     date of June 7 here, and it's important to all of the parties

5     to know whether or not Mr. Bass is going to proceed to trial or

6     whether I will accept a plea of guilty this morning.  And of

7     course it is important, as well, for the defendant to know what

8     sentence will be imposed if I do accept the plea of guilty.

9     And so I find, under the CARES Act, that it is strongly in the

10    interests of justice that we proceed today with this entry of a

11    plea through a videoconference proceeding.

12          Mr. Xiang, is there anything else you wish to add on

13    the record?

14          MR. XIANG:  Not on this issue, your Honor.  Thank you.

15          THE COURT:  Mr. Galluzzo.

16          MR. GALLUZZO:  No, your Honor.  Thank you.

17          THE COURT:  Thank you.

18          Let us proceed, then, for the entry of the plea.

19          Mr. Bass, before accepting your plea, I'm going to ask

20    you certain questions to establish to my satisfaction that you

21    are pleading guilty because you are guilty and not for some

22    other reason.  If at any time you do not understand the

23    questions or wish for an opportunity to consult with your

24    attorney confidentially, will you let me know?

25          THE DEFENDANT:  Yes, ma'am.

L5q2BasP kjc

1          THE COURT:  Please raise your right hand.

2          Do you solemnly swear that the answers you are about

3   to give to the questions I am going to place to you will be the

4   truth and nothing but the truth, so help you God?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Thank you.  You may lower your hand.

7          You are now under oath and if you answer any of my

8   questions falsely, you can be prosecuted for perjury.

9          Do you understand that?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  What is your full name?

12          THE DEFENDANT:  Herman Bashun Bass.

13          THE COURT:  How do you spell your middle name?

14          THE DEFENDANT:  B-A-S-H-U-N.

15          THE COURT:  How old are you?

16          THE DEFENDANT:  39.

17          THE COURT:  How far did you go in school?

18          THE DEFENDANT:  I went to college --

19          THE COURT:  And --

20          (Indiscernible crosstalk)

21          THE COURT:  I'm sorry.

22          THE DEFENDANT:  College.

23          THE COURT:  Thank you.

24          Have you ever been treated or hospitalized for any

25   mental illness?

L5q2BasP kjc

1              THE DEFENDANT:  No.

2              THE COURT:  Are you now or have you recently been

3    under the care of a doctor or a psychiatrist?

4              THE DEFENDANT:  A doctor for my heart condition.

5              THE COURT:  And are you taking any medication for your

6    heart condition.

7              THE DEFENDANT:  Nitroglycerin and low-dosage aspirin,

8    and I'm also taking pills for my high blood pressure.

9              THE COURT:  And do any of those medications make it

10   difficult for you to understand what is happening today?

11             THE DEFENDANT:  No, ma'am.

12             THE COURT:  Do they interfere your ability to

13   communicate with your attorney?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Do they interfere with your ability to

16   remember what happened in the past?

17             THE DEFENDANT:  No, ma'am.

18             THE COURT:  In the past 24 hours, have you taken any

19   other drugs, medicine, or pills, other than those you have just

20   described to me?

21             THE DEFENDANT:  Just my asthma inhaler.

22             THE COURT:  Your asthma inhaler.

23             THE DEFENDANT:  Yeah, I have three of them.

24             THE COURT:  Thank you.  And, again, do those interfere

25   in any way with your ability to understand what's happening

L5q2BasP kjc

1    here?

2              THE DEFENDANT:  No, ma'am.

3              THE COURT:  Do either counsel have any doubt as to

4    the defendant's competence to enter a plea of guilty?

5    Mr. Xiang.

6              MR. XIANG:  Not from the government, your Honor.

7    Thank you.

8              THE COURT:  Mr. Galluzzo?

9              MR. GALLUZZO:  No, I have no doubts, your Honor.

10             THE COURT:  Thank you.

11             Based on the defendant's appearance through this

12   videoconference hookup, his answers to my questions, and the

13   responses of counsel, I find the defendant is competent to

14   enter a plea of guilty.

15             Now, Mr. Bass, have you had a sufficient opportunity

16   to discuss your case with your lawyer?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Have you had a sufficient opportunity to

19   discuss with him the charge to which you will be pleading

20   guilty, any defenses you have to that charge, and the

21   consequences to you of entering a plea of guilty?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  Are you satisfied with your attorney's

24   representation of you?

25             THE DEFENDANT:  Yes, ma'am.

L5q2BasP kjc

1          THE COURT:  I am now going to explain certain

2     constitutional rights that you have.  You will be giving up

3     these rights if you enter a plea of guilty.

4          Under the Constitution and laws of the United States,

5     you are entitled to a speedy and public trial by a jury on the

6     charges contained in the indictment that's been filed against

7     you.

8          Do you understand that?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  At that time, you would be presumed to be

11    innocent and the government would be required to prove you

12    guilty by competent evidence and beyond a reasonable doubt

13    before you could be found guilty.  You would not have to prove

14    that you were innocent, and a jury of 12 people would have to

15    agree unanimously that you were guilty.

16         Do you understand that?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  At that trial and at every stage of your

19    case, you would be entitled to be represented by a lawyer, and

20    if you could not afford one, one would be appointed to

21    represent you.

22         Do you understand that?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  During the trial, the witnesses for the

25    government would have to come to court and testify in your

L5q2BasP kjc

1    presence, and your lawyer could cross-examine the witnesses for

2    the government, object to evidence offered by the government

3    and, if you desired issue subpoenas, offer evidence and compel

4    witnesses to come to court and testify on your behalf.

5              Do you understand that?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  At a trial, although you have a right to

8    testify if you chose to do so, you would also have the right

9    not to testify, and no inference --

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  -- or suggestion of guilt could be drawn

12   from the fact that you did not testify if that is what you

13   chose to do.

14             Do you understand that?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  Do you understand that if you were

17   convicted at a trial, that you would have the right to appeal

18   from that verdict?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Even at this time, right now, even as you

21   are entering this plea, you have a right to change your mind

22   and plead not guilty and go to trial.

23             Do you understand that?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  If you plead guilty and I accept your

L5q2BasP kjc

1    plea, you are going to give up your right to a trial and all of

2    the other rights I have just described.  There will be no

3    trial, and I will --

4              THE DEFENDANT:  Yes.

5              THE COURT:  -- enter a plea of guilty and sentence you

6    based on this plea after I read whatever submissions I get from

7    you and your lawyer and the government's lawyer, and after I

8    read the presentence report prepared by the Probation

9    Department.

10             Do you understand that?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  If you plead guilty, you are also going to

13   give up your right not to incriminate yourself because I am

14   going to ask you today what you did and you are going to have

15   to describe your conduct to me.

16             Do you understand that?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Now, have you received a copy of the

19   indictment that contains the charges against you?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  I want to make sure you understand what

22   you are charged with here in terms of the conduct to which you

23   will be entering a plea of guilty.  I understand that you and

24   the government have agreed you will be pleading guilty to

25   Count Two, which is a conspiracy to commit money laundering.

L5q2BasP kjc

1    How -- I'm sorry.

2              A conspiracy, at its heart, is an agreement by two or

3    more people to violate the law.  Count Two charges you with

4    being a knowing and a willing participant in a conspiracy to

5    commit money laundering.  Count Three charges that the

6    conspiracy existed during the period July 2018 to May of 2019

7    and that at least some of these activities occurred here in the

8    Southern District of New York, which includes, among other

9    locations, Manhattan and the Bronx.  Do you understand that's

10   the charge in Count Two?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  Let me describe what the goal of the

13   conspiracy was, again, as charged in Count Two.

14             It is charged that the goal of the conspiracy was to

15   conduct or attempt to conduct financial transactions that

16   involved the proceeds of specified unlawful activity, knowing

17   that the property involved in those transactions did in fact

18   represent the proceeds of some form of unlawful activity.  And

19   what this is a reference to is the following:  The specified

20   unlawful activity was wire fraud schemes involving e-mail

21   compromises.

22             It is also part of this charge that at the time the

23   conspirators, including you, had that goal to conduct financial

24   transactions in that way, that you knew that the transactions

25   were designed, in whole or in part, to conceal or disguise the

L5q2BasP kjc

1    source or the ownership or the control of the proceeds of that

2    unlawful activity.

3              Do you understand that's the charge against you in

4    Count Two, Mr. Bass?

5              THE DEFENDANT:  Yes, I do.  Yes, ma'am.

6              THE COURT:  Okay.  And, Mr. Bass, are you still able

7    to see and hear me?

8              THE DEFENDANT:  Yes, I am.

9              THE COURT:  And are you able to see and hear your

10   lawyer?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  Okay.  Your screen, from my view --

13             THE DEFENDANT:  Yes

14             THE COURT:  -- is somewhat pixilated compared to how

15   it was.  Now it is better.

16             THE DEFENDANT:  Okay.

17             THE COURT:  Thank you.

18             The defendant waved at the screen and somehow that

19   reset the monitor in a way or the camera in a way that has

20   helped with visibility.

21             So let me make sure you understand the penalties that

22   apply, Mr. Bass, to this crime.  This crime in Count Two

23   carries a maximum term of imprisonment of 20 years, a maximum

24   term of supervised release of three years, a maximum fine of

25   half a million dollars, or twice the gross gain or loss from

L5q2BasP kjc

1    the crime, and a $100 mandatory special assessment as well as

2    the obligation to make restitution.

3            Do you understand that those are the penalties that

4    apply?

5            THE DEFENDANT:  Yes, ma'am.  May I ask a question?

6            THE COURT:  Sure.

7            THE DEFENDANT:  Okay, now, you said 20 years -- 20

8    years and then supervised release?  Are those separate?  Are

9    they the same?  I just want to know.  I don't know --

10           (Indiscernible crosstalk)

11           THE DEFENDANT:  Can you explain it to me?

12           THE COURT:  Absolutely important question.  They are

13   separate.

14           THE DEFENDANT:  Oh, okay.

15           THE COURT:  A term of imprisonment is imposed with a

16   term of supervised release to follow.  That means when you are

17   released from prison, you are under supervision for the term of

18   years that I will impose at sentence.

19           THE DEFENDANT:  Okay.

20           THE COURT:  There are terms of supervised release with

21   which you must comply, and if you do not comply with them, you

22   can be returned to prison without a jury trial.  You would be

23   given no credit for any time you already spent in prison and no

24   credit for any time you spent on post-release supervision.

25           Do you understand that?

L5q2BasP kjc

 1              THE DEFENDANT:  Yes, ma'am.

 2              THE COURT:  Are you a citizen of this country?

 3              THE DEFENDANT:  Yes, ma'am.

 4              THE COURT:  Now, do you understand that if your

 5      attorney or anyone else has attempted to predict to you what

 6      your sentence will be that their prediction could be wrong?  Do

 7      you understand that?

 8              THE DEFENDANT:  Yes, ma'am.

 9              THE COURT:  No one -- not your lawyer, not the

10      government's lawyer, no one --

11              THE DEFENDANT:  No one, yes.

12              THE COURT:  -- can give you any assurance of what your

13      sentence will be, because I'm going to decide your sentence and

14      I'm not going to do it today.  I'm going to wait.  I'm going to

15      wait until I get a presentence report prepared by the probation

16      department, do my own independent calculation of the sentencing

17      guidelines range, decide if I should depart up or down from

18      that range, look at all of the other information that's

19      presented to me, consider as well the section of the law we

20      call Section 3553(a), and only then, after that whole process,

21      will I decide what a reasonable sentence is for you.

22              Do you understand that?

23              THE DEFENDANT:  Yes, ma'am.

24              THE COURT:  Even if your sentence is different from

25      what your attorney or anyone else has told you it might be,

L5q2BasP kjc

1   even if it's different from what is calculated in a written

2   agreement you have with the government, you are still bound by

3   your plea of guilty and cannot withdraw your plea of guilty.

4            Do you understand that?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  Now, has anyone threatened you or anyone

7   else or forced you in any way to plead guilty?

8            THE DEFENDANT:  No, ma'am.

9            THE COURT:  I understand there is a plea agreement

10   between you and the government.

11            Do you have a copy in front of you right now?

12            THE DEFENDANT:  They don't allow us to carry our

13   paperwork here.

14            THE COURT:  That's fine.  I'm going to describe a

15   document to you, and I want to know, after I describe it,

16   whether it sounds like a document you have read.

17            THE DEFENDANT:  Okay.

18            THE COURT:  I have a document that on its first page

19   is dated May 6, and it has six pages in all, with signature

20   lines on the sixth page, and it's an agreement between you and

21   the government.

22            Have you read that document?

23            THE DEFENDANT:  Yes, ma'am, with my attorney.

24            THE COURT:  And then you discussed it with your

25   lawyer?

L5q2BasP kjc

 1              THE DEFENDANT:  Yes, ma'am.

 2              THE COURT:  Did you authorize your attorney to sign

 3      that document on your behalf?

 4              THE DEFENDANT:  Yes, ma'am.

 5              THE COURT:  Do you remember when you gave him that

 6      authorization?

 7              THE DEFENDANT:  That was last week.

 8              THE COURT:  Okay.  And I'm going to ask defense

 9      counsel, can you tell me what date this agreement was signed

10      with the defendant's authorization?

11              THE DEFENDANT:  Yes.  Hello, your Honor.  I think, to

12      be precise, I signed it and scanned it today before court

13      today, although I had his authorization to do so last week.

14              THE COURT:  Thank you.  So the copy that will be sent

15      to me is actually going to bear today's date, Mr. Galluzzo?

16              MR. GALLUZZO:  It should, yes, I believe so, your

17      Honor.

18              THE COURT:  Okay.  Good.

19              MR. GALLUZZO:  I hesitate because it's possible I sent

20      a previous version.  I actually don't remember.  But I know I

21      sent one to Jared today.

22              THE COURT:  Okay.  That's a reference to my deputy.

23              Let me ask you, Mr. Bass, do you understand that, in

24      this agreement, you and the government have calculated your

25      sentencing guidelines range as 30 to 36 months in prison?

L5q2BasP kjc

1          THE DEFENDANT:  Yes.  Yes, ma'am.

2          THE COURT:  And do you understand that by signing this

3  agreement, or authorizing your attorney to do so on your

4  behalf, you have agreed to give up your right to appeal or

5  challenge or litigate your sentence so long as I don't sentence

6  you to more than 37 months in prison?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Now, do you have any other agreement with

9  the government about your plea or about the sentence that has

10 been left out of this plea agreement with the government?

11         THE DEFENDANT:  No, ma'am.

12         THE COURT:  So tell me in your own words what you did

13 that makes you believe you are guilty of the crime charged in

14 Count Two.

15         THE DEFENDANT:  I put something unknowingly in my bank

16 account that wasn't mine, and it was wrong.

17         THE COURT:  Okay.  You put something unknowingly in

18 your bank account that wasn't yours?

19         THE DEFENDANT:  Yes.  It wasn't mine, and it was wrong

20 to do it.

21         THE COURT:  Okay.  When you say you unknowingly put

22 something in your bank account, did you know the money was

23 coming into your bank account?

24         THE DEFENDANT:  Yes, I did when I was told by the

25 other party.

L5q2BasP kjc

1          THE COURT:  So before the money arrived in your bank

2     account, you expected money to arrive?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And that was because of an agreement you

5     had reached with another person?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  And after that money arrived in your bank

8     account, what did you do with the money?

9          THE DEFENDANT:  I took a portion out and gave it to

10    that individual.

11         THE COURT:  So you kept a piece for yourself, is that

12    right?

13         THE DEFENDANT:  No, ma'am I left it in there, and

14    documents were stolen and money was misplaced with the person

15    that I did this for.

16         THE COURT:  So did you send any of the money to the

17    person for whom you did this?

18         THE DEFENDANT:  No.  I withdraw the money out into a

19    cashier's check and gave it -- handed it to him.

20         THE COURT:  Okay.  So you took some of the money out

21    of your bank account by having a cashier's check created.

22         THE DEFENDANT:  Yes

23         THE COURT:  And then you gave that cashier's check to

24    the person you have referred to earlier as the person who asked

25    you to do this for him.

L5q2BasP kjc

1              THE DEFENDANT:  Yes, ma'am.

2              THE COURT:  And then some of the money that came in to

3      your account stayed in your account for your benefit, is that

4      right.

5              THE DEFENDANT:  No.  I didn't get to use it because it

6      was still in and my bank account was closed.

7              THE COURT:  Okay.  And what period of time did the

8      events that you have just described to me occur?

9              THE DEFENDANT:  That had to be early at the beginning

10     of that year, I think, 2019, and then until May, until I got a

11     phone call stating that it was fraudulent.

12             THE COURT:  Stating that what?

13             THE DEFENDANT:  Stating that the funds was fraudulent.

14             THE COURT:  Fraudulent?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Thank you.

17             And in what city was that bank account located?

18             THE DEFENDANT:  My bank was located in Inglewood,

19     California.

20             THE COURT:  Thank you.

21             Now, at the time you withdrew proceeds from your bank

22     account through that cashier's check, did you know that the

23     transaction you have just described to me, the receipt of these

24     funds into your account and the withdrawal of some of them

25     through that cashier's check, was designed in any way to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

L5q2BasP kjc

1    disguise or conceal the source of the funds?

2              THE DEFENDANT:  No, ma'am, not at the time I didn't.

3              THE COURT:  Did you understand at the time that you

4    received those funds into your account or withdrew some of them

5    for that cashier's check that those funds actually represented

6    the proceeds of some kind of unlawful activity?

7              THE DEFENDANT:  No, ma'am, until after I questioned

8    him about it.

9              THE COURT:  Well, I'm just focusing on the period of

10   time that occurred before or at the very moment you gave the

11   cashier's check to this other person.  I'm not talking about

12   anything you learned later.

13             THE DEFENDANT:  Oh.  Yes.  After, when I gave it to

14   that person, then I started figuring out that this was

15   fraudulent and I made a mistake.

16             THE COURT:  No.  That's not the right period of time I

17   am focusing on.

18             You are charged with a crime here.  The crime requires

19   you to have a state of mind in which you are agreeing with

20   another person to commit a crime.  Whether you committed a

21   crime afterward doesn't make you guilty of the crime.

22             THE DEFENDANT:  Yes, I understand that.

23             THE COURT:  You had to understand at the time that you

24   had an agreement with this other person that you were actually

25   involved in illegal activity.  If you didn't know it at the

L5q2BasP kjc

1    time, you should go to trial.

2           THE DEFENDANT:  Yes.  I knew that when the person was

3    sitting in the car, and he didn't come into the bank with me.

4           THE COURT:  Okay.  We have just lost -- I have at

5    least, just lost connection with the defendant.

6           MR. GALLUZZO:  I have, as well, your Honor.

7           THE COURT:  Okay.

8           MR. GALLUZZO:  It may also make sense --

9           THE COURT:  Defense counsel --

10          MR. GALLUZZO:  -- for me to take a --

11          THE COURT:  -- just said that --

12          MR. GALLUZZO:  -- minute with my --

13          THE COURT:  -- he has as well.

14          MR. GALLUZZO:  -- client when we get --

15          THE COURT:  Mr. Galluzzo, the court reporter doesn't

16   know who is speaking unless you identify yourself.

17          Okay.  So I am going to exit and log back in hoping

18   this will reestablish a connection.  Thank you for your

19   patience, everyone.

20          THE DEPUTY CLERK:  I am calling the facility now to

21   see if they are having issues on their end.

22          THE COURT:  Thank you, Mr. Whertvine.

23          (Pause)

24          THE COURT:  Thank you very much, everyone.  I can --

25   Mr. Bass, can you see me?

L5q2BasP kjc

```
 1              THE DEFENDANT:  Yes, I can, ma'am.  I can see you.

 2              THE COURT:  Can you see your attorney?

 3              THE DEFENDANT:  Yes, ma'am.

 4              THE COURT:  Do we still have a court reporter?

 5              THE COURT REPORTER:  Yes, Judge.

 6              THE COURT:  Mr. Xiang are you still part of this

 7    conference call?

 8              MR. XIANG:  I am, your Honor.  Thank you.

 9              THE DEFENDANT:  Now I don't see my attorney.

10              THE COURT:  Yes.  Mr. Galluzzo we have lost contact

11    with you.

12              (Pause)

13              THE DEFENDANT:  Mr. Galluzzo?

14              (Pause)

15              THE COURT:  Mr. Whertvine, if you would be kind enough

16    to reach out to defense counsel.

17              THE DEPUTY CLERK:  Yes, I will call him now.

18              (Pause)

19              THE COURT:  Mr. Bass, are you able to see your

20    attorney now?

21              MR. GALLUZZO:  Yes.

22              THE COURT:  So, Mr. Bass, we were interrupted where I

23    was trying to focus you on this moment in time --

24              THE DEFENDANT:  Yes.

25              THE COURT:  -- before you physically hand the
```

L5q2BasP kjc

1    cashier's check to the other person.  Before that moment in

2    time, did you understand you were involved in criminal

3    activity?

4              THE DEFENDANT:  Yes, I did.

5              THE COURT:  Before you handed that cashier's check to

6    another person, did you understand that the use of your bank

7    account for the receipt and transmittal of funds was a way of

8    transferring the proceeds of some kind of unlawful activity?

9              THE DEFENDANT:  Yes, I did.

10             THE COURT:  And before you handed that cashier's check

11   to that person, did you understand that the transaction had

12   been designed in a way to hide or disguise or conceal the

13   source or ownership of those funds?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Does the government -- well, we have an

16   issue of venue, which I will ask the government to address in a

17   moment, but other than -- well, I'm sorry, one more question to

18   you, Mr. Bass.

19             THE DEFENDANT:  Yes.

20             THE COURT:  Before you handed that cashier's check to

21   that person, did you understand that you were participating in

22   a crime?

23             THE DEFENDANT:  Yes, I did.

24             THE COURT:  Does the government agree there is a

25   sufficient factual predicate for a plea of guilty other than

Case 21-2491, Document 101, 04/28/2022, 3305088, Page60 of 94

L5q2BasP kjc

1    the issue of venue?

2              MR. XIANG:  Yes, your Honor.  Although, I would put on

3    the record the fact that the proceeds in fact derive from a

4    wire fraud, namely, the business e-mail compromise, the

5    defendant's knowledge of that specific piece of information is

6    not an element of the offense.

7              THE COURT:  Do you want to address the issue of venue,

8    Mr. Xiang?

9              MR. XIANG:  Yes, your Honor.

10             So the proceeds which this defendant transacted and

11   laundered had passed through the Southern District of New York

12   via coconspirators earlier in the chain.

13             THE COURT:  And Mr. Galluzzo, do you agree there is a

14   sufficient factual predicate for a plea?

15             MR. GALLUZZO:  Yes, your Honor, I do.

16             THE COURT:  And do you know of any reason,

17   Mr. Galluzzo, that I should not accept this plea?

18             MR. GALLUZZO:  No, your Honor.

19             THE COURT:  So Mr. Bass, since you acknowledge that

20   you are in fact guilty as charged in Count Two, since I am

21   satisfied that you know of your rights, including your right to

22   go to trial, and that you are aware of the consequences of your

23   plea, including the sentence that may be imposed, and since I

24   find you are voluntary pleading guilty, I accept this plea on

25   Count Two and enter a judgment on that count.

L5q2BasP kjc

1          The probation department is going to want to

2     interview you.  If you speak with them, make sure anything you

3     say is truthful and accurate.  They prepare a report, and that

4     report is important to me in deciding what sentence to impose.

5     You read it with care, as well.  If you see any errors in it,

6     point them out to your attorney before sentence.  Will you do

7     that.

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Counsel, will you cooperate -- I'm sorry.

10    Mr. Galluzzo, will you cooperate with the probation department,

11    so your client could be interviewed within the next two weeks?

12         MR. GALLUZZO:  Yes.  And your Honor, with respect to

13    scheduling and some of the logistics going forward, your Honor,

14    I know, is aware of Mr. Bass's situation and that he lives in

15    California, was brought here after he sustained an arrest in

16    California in state court and his bail -- well, his bail

17    conditions were modified to bring him out here.  I was going to

18    request the Court, if it's at all possible, to potentially

19    request an expedited sentencing schedule for my client.  He is

20    obviously anxious to be returned to California in one way or

21    another in order to deal with the case that's -- he is facing

22    over there.  We have reason to think it is going to resolve

23    itself favorably as well out there in California.

24         So with the plea agreement that he is facing, as well,

25    I think there are a lot of mitigating circumstances, that are

L5q2BasP kjc

1    all going to be presented to the Court, so I don't know if the

2    Court -- I don't ask for this normally, your Honor, but I'm

3    asking under the circumstances of my client's situation, in

4    that he has got his family, his whole life is in California, he

5    is hoping to get sent to California in one way or another, and

6    he would consent to a video sentencing, for whatever it is

7    worth, I can tell that you now, and he would prefer to do a

8    sentencing from California instead of from MCC.  So I don't

9    know what the Court's -- what they think the best way to go

10   forward is, but I'm anxious to try to get him out there sooner

11   rather than later or back there sooner rather than later.

12           THE COURT:  I believe the defendant is here on a writ.

13   Am I right, Mr. Xiang?

14           MR. XIANG:  That's correct, your Honor.

15           THE COURT:  And so if I satisfy the writ and the

16   defendant is returned to California, there is a possibility he

17   will be released from custody in California, is that right?  I

18   would not want that to happen.  I would not want that to

19   happen.  So I want to sentence the defendant while he is still

20   in custody.

21           MR. GALLUZZO:  I don't know if the writ was satisfied

22   but you also ordered different bail terms for my client, so I

23   don't know if it's possible to simply have him transferred to

24   federal custody in California pending his sentence on this

25   matter.  I'm not sure.  But if it's not possible, then

L5q2BasP kjc

1   obviously I would ask the Court if it would consider an

2   unusually quick turn around for sentencing for my client.

3          THE COURT:  So I'm sympathetic, Mr. Galluzzo.  I will

4   ask Mr. Whertvine to find a date as early as possible in

5   September.  And the fact is that you have indicated to me that

6   you hope that mitigating factors exist that would convince me

7   to impose a below-sentencing guidelines sentence on the

8   defendant, and if that is true, then it is very much important

9   that I get a full and complete presentence report, and I don't

10  want to expedite that proceeding.

11         MR. GALLUZZO:  I understand.

12         THE COURT:  Thank you very much for understanding.

13         Mr. Whertvine.

14         THE DEPUTY CLERK:  Sentencing is set for September 10

15  at 9 a.m.  The government submissions -- sorry.  Defense

16  submissions are due August 27, and the government submissions

17  are due September 3.

18         THE COURT:  Thank you.  I understand that there is an

19  agreement as to forfeiture as well in the amount of $220,432.

20  Is that right, Mr. Galluzzo?

21         MR. GALLUZZO:  That is correct, your Honor, and I did

22  sign the consent order on his behalf today and sent it to the

23  Court.

24         THE COURT:  And Mr. Bass, is it correct that you are

25  consenting to forfeiture of that amount?

L5q2BasP kjc

1          MR. GALLUZZO:  Yes, ma'am.

2          THE COURT:  Okay.  I will sign that today.  Good.

3          Mr. Xiang, is there anything else we need to do?

4          MR. XIANG:  No, your Honor.  Thank you.

5          THE COURT:  Mr. Galluzzo, anything else?

6          MR. GALLUZZO:  No, I don't think at this time, your

7    Honor.

8          THE COURT:  Thank you.  Everyone stay as well as

9    possible in the circumstances.  Take care of yourselves.

10                              - - -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A-63**

1

L9NGbasS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                          20 Cr. 179 (DLC)

HERMAN BASS,

                                    Sentence
          Defendant.

------------------------------x

                                  New York, N.Y.
                                  September 23, 2021
                                  10:00 a.m.

Before:

                    HON. DENISE COTE,

                                  District Judge

                        APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
JUN XIANG
    Assistant United States Attorney

MATTHEW GALLUZO
    Attorney for Defendant

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

L9NGbasS

1           (In open court)

2           THE DEPUTY CLERK:  United States v. Herman Bass,

3     20 Cr. 179.

4           Is the government ready?

5           MR. XIANG:  Yes, good morning, your Honor.  Jun Xiang.

6           THE DEPUTY CLERK:  For the defendant?

7           MR. GALLUZO:  Matthew Galluzo for Mr. Herman Bass.

8           THE COURT:  Thank you.  Please be seated.

9           Mr. Galluzo, have you and your client both read the

10    presentence report?

11          MR. GALLUZO:  Yes, we have, your Honor.

12          THE COURT:  Have you discussed it with each other?

13          MR. GALLUZO:  Yes, we have, your Honor.

14          THE COURT:  Do you have any objections to it, other

15    than what might be contained in your written sentencing

16    submissions?

17          MR. GALLUZO:  No, no objections.

18          THE COURT:  Thank you.  The presentence report is made

19    part of the record in this case and placed under seal.  If an

20    appeal is taken, counsel on appeal may have access to the

21    sealed report without further application to this Court.

22          I have a consent order of restitution signed by the

23    parties on September 21 and 23.  It sets forth a schedule for

24    payment of ten percent of the defendant's gross monthly income.

25    It attaches a schedule of victims; however, the proposed order

L9NGbasS

1     requests that that schedule and its three victims be sealed.

2     And I grant that application.  And I sign this restitution

3     order and make it part of the sentence in this case.

4              Is there going to be a forfeiture order, Mr. Xiang?

5              MR. XIANG:  Your Honor, I believe a preliminary order

6     of forfeiture was entered in connection with Mr. Bass' plea.

7              THE COURT:  Let me just check if I have that before

8     me.

9              So my deputy is going to just confirm that it was

10    docketed.  And my deputy has confirmed that it was docketed.

11    Thank you so much.  That forfeiture order is also made a part

12    of the sentence I am imposing today.

13             Let me describe what sentencing submissions I have

14    received.  I have a letter from Mr. Bass filed on September 21.

15    I have the defendant's sentencing memorandum with attachments

16    filed on September 9th, I have the government's submission

17    filed on September 20th.

18             This is a case in which the defendant entered a plea

19    of guilty pursuant to an agreement with the government.  And

20    that agreement contained a guidelines stipulation of an offense

21    level of 17 and a criminal history category of III.  The

22    presentence report arrived at the same calculation.  I reviewed

23    it, and I adopt it as my own.  Therefore, the sentencing

24    guidelines range is 30 to 37 months in prison.  The probation

25    department recommends a sentence of 30 months.  The government

L9NGbasS

1    recommends a sentence within the guidelines range.  The

2    defendant requests a sentence of time served.

3          The defendant was remanded on April 7th, 2021 on

4    charges that he had assaulted a woman with a firearm.  He had a

5    poor history of compliance while on pretrial release, either

6    with the drug testing regimen or mental health treatment

7    program to which he was referred.  He has had a significant

8    loss in his life this year, losing his mother in February.  He

9    was very close to his mother and was caring for her as well as

10    a disabled brother.

11          It's my understanding that from his participation in

12    the fraud, he retained over $60,000 in proceeds.  His role was

13    in essence in connection with the money laundering aspect of

14    the fraudulent scheme.  He's not described as having had any

15    participation in the initial theft of funds from any of the

16    victims.  As part of his activity here, he opened bank accounts

17    that would be used to move the stolen money.  And separately,

18    he stole some tax refund checks.

19          He has a significant drug addiction problem that must

20    be addressed for his own health and safety and that of the

21    community.  He also has a number of physical ailments that

22    require medical attention.  Obviously, the events of April 6th

23    or 7th, the discovery of this arsenal of weapons at his home,

24    his assault on a woman with a gun, these are very disturbing

25    aspects of this case.  They were the proximate cause of the

L9NGbasS

1   remand.  But as I said, he had a long history of difficulty on

2   pretrial supervision and lack of compliance with the pretrial

3   services officer's requirements.

4         Mr. Galluzo, I read the Consulting Project report, and

5   I appreciate that you obtained that.  But I must say our

6   presentence reports in this district are very complete.  And

7   obviously, it's important to me that counsel get to know their

8   client, and you submitted a sentencing memorandum here that was

9   also very useful to me.  And of course, it was important to

10   read the letters from those who know the defendant well.  So

11   while there were some marginal new facts in the Consulting

12   Project report, I was by and large reading the same information

13   for the third time.  So just for whatever help that is to you

14   to understand the importance of having that additional voice.

15   I find it most important to hear from a defendant, those who

16   know him, the presentence report information, and of course

17   counsel.  The fact that the Consulting Project is familiar with

18   alternatives to incarceration is of course interesting, but

19   that's something that can be provided in a page or two.  And of

20   course, the probation department is familiar with those

21   alternatives as well.

22         I'll hear from the government.

23         MR. XIANG:  Thank you, your Honor.  And I'll be very

24   brief, because I think your Honor's recitation of the relevant

25   facts in this case covered largely what the government was

A-68

6

L9NGbasS

1   going to say.

2         I want to start, first, to talk about relative

3   culpability as opposed to other defendants in the case.  I

4   think in the government's view, Mr. Bass is in the middle of

5   the road as to his level of involvement, his level of apparent

6   profit.  Noting, of course, that as to many of the defendants,

7   the government was not able to ascertain exactly how much money

8   they got out of it.  I think, as to some, the government was

9   able to ascertain it was just a few thousand dollars.  There's

10  at least one or two that appear to get more than Mr. Bass.  But

11  the 60,000 or so that Mr. Bass got is a significant amount of

12  money, I think, given the nature of the offense.

13        Mr. Bass' involvement, as your Honor may recall from

14  the trial of Victor Ahaiwe, is to engage in the various layer

15  transactions, with the profit to Ahaiwe of the decedent

16  accounts that Mr. Ahaiwe controlled as part of that conspiracy.

17  And so Mr. Bass controlled other accounts that were kind of

18  going back and forth and laundering the money as part of those

19  transactions.

20        I think as to the incident of April of 2021, which

21  your Honor is familiar with, I just want to note that the woman

22  that Mr. Bass assaulted was an intimate partner and was in fact

23  someone that Mr. Bass had gotten to be a cosigner in his bond

24  in this very case.  And in the government's view -- look,

25  domestic violence incidents like this are never acceptable -- I

L9NGbasS

1  think this one in particular seems to go well beyond the pale,

2  involving apparent pistol whipping, a threat to put a gun in

3  the woman's mouth, and what appears to have been an extended

4  arms standoff of some sort with law enforcement that involved

5  an armored vehicle and then, ultimately, the recovery of these

6  many guns, which include it appears at least one stolen gun and

7  one ghost rifle.  Look, obviously, that conduct is very

8  different than the money laundering conduct that Mr. Bass has

9  pled guilty to, but the fact that he had these various weapons,

10  that he did this while on pretrial release, after prior

11  pretrial release incidents for which I think both the Court and

12  pretrial were trying to accommodate his struggle and his drug

13  addiction and so forth, I think that does go to the 3553(a)

14  factors.

15          And for those reasons and the reasons that the Court

16  mentioned before, the government respectfully submits that a

17  guidelines sentence is appropriate.

18          THE COURT:  Thank you.

19          Mr. Galluzo?

20          MR. GALLUZO:  Thank you, your Honor.  Thank you for

21  your feedback on our submissions.  I appreciate that.

22          Your Honor, I visited my client a few days ago and

23  when I met with him, I was really frankly heartbroken because

24  of just how despondent he appeared at that time.  And ever

25  since he's been here at MCC and I've been meeting with him in

L9NGbasS

1   person, it's apparent to me that he's really overcome with the

2   stress of this situation, that he's depressed, that he's sad.

3   He cries frequently.  I can tell he's ashamed, that he's

4   remorseful, that he's full of regret.  He feels he's let down

5   his family.  I see a person who is truly really hurting.  It's

6   upsetting to me to see him, honestly, because of the way that

7   he so obviously feels.

8           There's a lot of good qualities inside of this person.

9   And I think the letters that you received from his family, his

10  neighbors, his community, they do speak very glowingly about

11  his good qualities and support that conclusion.  And obviously,

12  he's here now.  And it's not surprising, in some ways, that

13  he's suffering the way that he has, that he's had these mental

14  health issues and that he's had these drug and alcohol issues

15  because he's been through just an astonishing amount of trauma

16  in his life.  Sometimes it's very hard for us to relate to

17  defendants sitting in this position because our lives are so

18  different.

19          This person grew up with really a terrible father, a

20  father who was a gang banger, who allowed him to be sexually

21  abused by friends, who told him he had to join a gang to be a

22  man, he fathered other children all over the City, more than a

23  dozen, he abused his mother.  He was homeless for a while,

24  living in a car with his mother growing up.  His mother

25  developed an addiction for a while.  It wasn't until he got

A-71

9

L9NGbasS

1    taken in by other family that he finally had a home again.

2              Despite all this, he gets drafted to play professional

3    baseball.  Despite everything that he has gone through, living

4    in one of the worst neighborhoods in America, South Central Los

5    Angeles, overrun with drugs, gangs and crime, he gets drafted

6    to play professional baseball.  But just shy of his 18th

7    birthday, he gets shot innocently in the course of his work.

8    The injuries are so grievous, he has to basically live in a

9    wheelchair for a year.  He was never able to run again because

10   he has rods placed in his leg.  His sister was changing his

11   diaper for him during this time.  So all of his dreams to get

12   out of this situation, become perhaps a baseball player,

13   ruined.

14             We deal all the time with veterans who get wounded in

15   Afghanistan and Iraq, and we expect them to be suffering when

16   they come back.  And here he is getting shot in a developmental

17   stage of his life, destroying all of his hopes and dreams when

18   he was 17.

19             Then almost unfathomably seven years later, he gets

20   shot again in Los Angeles.  This time in the head.  It's almost

21   unbelievable that he survived.  He carries bullet fragments in

22   his head as a result of it.  And so of course he has PTSD.  Of

23   course he's going to have these symptoms that come along with

24   it.  Of course he's going to suffer depression, because he's

25   never really had the treatment that he should have gotten all

L9NGbasS

1   this time.

2           When he got treated at the hospital when he was 17 or

3   18 for his injury to his leg, he was wheeled out the door and

4   told to go get better.  He didn't get better.  He's been living

5   with it and internalizing it for a long, long time.  So

6   unsurprisingly, when he's forced to take on all the stress of

7   dealing with his mother who is infirm, his brother, who is

8   mentally ill and requires a conservatorship, it eventually

9   becomes too much for him, and he develops an addiction to

10  drugs.  And that is obviously his fault and his responsibility,

11  but we shouldn't be shocked that these things happened when so

12  much has happened to him.

13          And your Honor, with respect to what happened in April

14  in California -- obviously, he has counsel out there, and I'm

15  informed by counsel out there, that case is in a holding

16  pattern, that there's a warrant waiting for him in California

17  whenever he gets done with his federal obligations and they'll

18  resume that case when he gets there -- I don't know what's

19  going to come of it.  I'll say that that happened at a time

20  when he was grieving the loss of his mother.  He was deep into

21  a drug addiction, and we were seeing positive tests while he

22  was out on pretrial release.  He was very much in a mental

23  health crisis, I think, at that time.

24          Now, I see him at a low point as well.  And I see him

25  wiping his eyes now.  And I know this is someone who is

L9NGbasS

1   suffering.  He's been suffering at MCC for the last five

2   months.  The Court is no doubt aware that the conditions there

3   are so inhumane the building has basically been closed.  Plenty

4   of the judges in this district have taken that into account

5   when fashioning a sentence for defendants.  Some people are

6   giving reductions that are less than half of the guidelines,

7   some judges are giving people time and a half credit equivalent

8   for time at MCC.

9           And as you compare him to other defendants in this

10  case who are going to be sentenced or have been sentenced, most

11  of them have been out pending sentence.  They're going to

12  report somewhere to do their prison terms.  But they won't be

13  doing it at MCC, which is worse than all those places.  So I

14  think Mr. Bass' sentence should be distinguished in that

15  regard, in that he has spent some time at MCC, where the

16  conditions have been terrible.  Among other things, he is not

17  getting much programming, he's not getting nearly enough mental

18  health counseling or treatment.  And he has to sleep with his

19  pant legs tucked into his socks, because otherwise mice will

20  crawl up his legs while he's sleeping.  That's how rampant the

21  rodent problem is.  Cold food in your cell almost all day long.

22  It's just completely intolerable conditions.  Even BOP has been

23  forced to acknowledge that fact, which is why people are

24  getting moved out of there and that building is being shut

25  down.  I would ask the Court to consider that as well in

L9NGbasS

1  fashioning a sentence.

2          It's our position that what he really needs is to be

3  admitted to an inpatient program, like Casa out in Los Angeles,

4  be closer to his family where he has support.  Or in the

5  alternative, if he's going to be incarcerated, that it be at a

6  place with a residential drug treatment program so perhaps he

7  can earn credit for an early release.  But more importantly,

8  that he be given the support he needs to get clean.

9          And your Honor, perhaps as an alternative, if there's

10  no inpatient recommendation or requirement, perhaps he could be

11  on home detention going forward with electronic monitoring and

12  an outpatient program through supervised release.  But we do

13  think an intense inpatient program would be best for him.  I

14  think that's a 3553(a) requirement, the concern about his

15  rehabilitation.  It's just he's just been living with so much

16  for so long that I don't see how putting him in jail and expect

17  him to suddenly emerge better.  And he clearly needs this

18  treatment.  It seems to me that needs to be a part of the

19  sentence one way or another.

20          Your Honor, as far as the sentence with respect to

21  other defendants, I mean, the prosecution is saying that he's

22  on the middle of the road as far as his culpability.  We would

23  dispute that.  We see him being towards the bottom, at the

24  bottom.  He may have kept more money than some of the

25  defendants; however, he was involved in one transaction.

**A-75**

L9NGbasS

1   There's no evidence whatsoever that he was involved in directly

2   scamming any victims, that he masterminded any of this, that he

3   managed or recruited any other people.  And his foreseeable

4   loss, I think, is worse than most of the other defendants.  I

5   am talking about millions of dollars that they're aware of

6   moving or being involved in with the scam.  There's no evidence

7   that he was aware of anything beyond this one check that he was

8   presented with depositing.  So the only way in which he's not

9   the absolute bottom of the totem poll is the amount of money

10  that was kept.  In every other way, he's probably the least

11  culpable defendant.  I think that puts him near the bottom, not

12  the middle.  So I dispute that characterization, your Honor.

13          My client does want to apologize to the Court, I know,

14  and apologize to his family.  And he seems very sincere to me.

15  For the first time in his life, he recognizes that he needs to

16  make his own mental health and his sobriety not only a

17  priority, it's going to have to be something that he works at

18  all the time.  It's not something he can do an appointment from

19  time to time.  It's going to have to be a daily focus for him

20  to stay on target, on task.  And it seems to me that he's hit

21  rock bottom and he wants to be a good father to his child and a

22  good partner to Christina.  He knows in order to do that, he

23  needs to do those other things.  So I think he wants an

24  opportunity to turn himself around and get the treatment he

25  needs and he hopes the Court will give him that.  Thank you.

L9NGbasS

1          THE COURT:  Thank you, Mr. Galluzo, very helpful.

2          Mr. Bass, I'll hear anything that you want to say to

3    me on your behalf in connection with this sentence.

4          THE DEFENDANT:  I'd like to start by saying, I

5    apologize to the Court.  I should not be in your courtroom at

6    all.  But I've been going through a lot of stuff.  I lost my

7    best friend.  I've let drugs get the best of me.  I hate doing

8    it because I hate them for so long.  I stayed up days upon days

9    doing drugs to take care of my mother.  I'm not proud of it.  I

10   was using drugs so much that I thought it would just kill me.

11   I suffered a heart attack from it.  And I thought that would

12   have been the end of it.  I thought that I'm going to die so I

13   could be with my mom.  But still, I'm still -- I'm here, and I

14   shouldn't be here.  I really want to be with my mother.  That's

15   the only person that never, ever, ever -- she never once ever

16   let me down.  She never ridiculed me.  Anything that I did that

17   was wrong, she never justified it, but she always told me to do

18   better.  Like I let her down and I still haven't got to grieve

19   over my mother.  I didn't get to actually go to her grave site.

20   I made it late to her funeral because I couldn't face it.  And

21   when I got to her funeral, I was so high off drugs, I didn't

22   know what to do because I couldn't believe how it really was.

23   She died in my arms.  She came home for one day, and she died

24   from COVID, not from cancer.  Because we hired some people to

25   take care of her, and the nurse didn't tell us, the therapist

L9NGbasS

1    didn't tell us that she had COVID.  And that's why I got into

2    it with my ex, because I couldn't face the fact -- I didn't

3    know who gave my mom COVID.  And I found out it wasn't her.

4    And I took my anger out on her, when she was there for me, she

5    has been there for me.  I apologized to her.  But not once did

6    I pull a gun on her or hit her with a gun or anything, but I

7    really do apologize.

8            I don't know what else to do.  I don't.  I'm lost.  I

9    can't talk to my mother anymore about this.  The last time I

10   seen my mother, when I went to pretrial, when I got out of

11   Court.  I have a picture of her sitting in a wheelchair when

12   she came to court to get me when I got released.  She came into

13   the courtroom in her wheelchair and the judge -- the DA said,

14   no, we should talk to New York about him, and the judge said

15   no, his mother needs him.  And my mother spoke out of her

16   wheelchair and said, I just want my baby to come home.

17           I took care of her.  I changed her diapers.  I bathed

18   her.  I combed her hair the best way I know how.  But she never

19   left my side.  I never left her side.  But she died in my arms,

20   February 9th.  I told her I'd never let her die in a hospital

21   or a nursing home, so I made them bring her home.  And she

22   probably would have lived if the machines didn't have -- it was

23   a faulty breathing machine, oxygen machine and they brought her

24   a new one the next day.  And they found out the hose from the

25   oxygen machine had holes in it.  I had to tape the holes up.

L9NGbasS

1    When I taped it up, she looked at me and said, I love you, and

2    I want you to be strong and you're going to get over this.  And

3    she turned her head and she died.  And I that's all I remember.

4          And ever since I've been here, I haven't been able to

5    sleep.  I haven't been able to do anything.  I just -- all I

6    can think is seeing my mother's face.  I haven't even finished

7    the proper burial for my mother.

8          And I'm ashamed of myself for helping somebody,

9    getting myself into this situation when I should not have did

10   it because she taught me better than that.  I just thought I

11   was helping somebody and helping a friend, but it -- I learned

12   from my mistakes, and I'm sorry to everybody in this courtroom.

13   I'm really truly sorry to the victims.  I don't even know these

14   people.  And I would never want nobody to do that to me either.

15   I will never help no one again in my life.  I don't want to

16   help nobody.  I don't want to do nothing for nobody because

17   people don't care about people.  They put people in

18   predicaments, and this is what I get.  It's my fault for

19   being -- I'm an adult.  I should have better judgment, and I

20   did, but I thought I was just being a friend.

21         But I'm sorry, ma'am.  I'm very sorry.  I just don't

22   know what to do anymore.  I just -- like I said, I did drugs

23   until I thought I was going to die.  I wanted to die.  I wanted

24   to see my mother.  And maybe I wouldn't be standing in front of

25   you today.  But I think she has me here for a reason, to learn

L9NGbasS

1   a lesson.  But I have learned my lesson.  I learned my lesson

2   being here 3,000 miles away from my family.  I never been

3   nowhere in the United States besides around my family.  This is

4   the first I've ever been away from home.  I've never been

5   anywhere.  And I never want to come to New York again, I don't,

6   not even to visit.  I just want to go back to the jail and just

7   lay down just now.  I'm sorry.  I don't feel good.  I just want

8   to lay down.

9          THE COURT:  Well, why don't you be seated.  I'm happy

10  to hear anything more you want to say to me, but you don't need

11  to stand, Mr. Bass.

12         THE DEFENDANT:  Thank you, your Honor.  I understand

13  whatever you have to do, you have to do it.  This is your job.

14  And I'm truly sorry.  I never want to be in front of this -- I

15  never want to do this again in my life.  But this is a life

16  lesson learned to have mice crawling up my leg, for me to have

17  to scream for them to give me my medicine.  I'm a diabetic, and

18  it took me over four months to get my diabetic -- my Metformin

19  medicine here.  I haven't had my C-Pap machine, I sleep on the

20  sleep apnea machine, they won't give it to me because of COVID.

21  I'm an asthmatic.  Why won't they give me my inhalers and give

22  me my breathing machine?  I haven't had proper sleep since I've

23  been here.  And I've lost weight.  I was way, way heavier than

24  this.  I've lost over 30 pounds within less than a month that I

25  was here.  And it's not the people that work in the jail, they

L9NGbasS

1    have nothing to do with it.  It's the communication of that

2    jail.  And it is my fault that I put myself in jail.  I

3    shouldn't be here.  But the poor mistakes that I did and the

4    poor judgment of people, I did it to myself.  I just want to

5    get help.

6         At first, I thought killing myself would be

7    everything, it would be the solution to everything.  But it's

8    not.  I just want to take care of my kids and be around my

9    sisters and my family.  But I thank you.  My brother is missing

10   me, and I talked to him once since I've been here.

11        I don't know what I could possibly do.  If I can just

12   talk to the people that this stuff was done to, if I had to go

13   clean their house and wash their walls, I would.  Because I

14   didn't have no recollection of -- I wouldn't do no one like

15   that.  I wouldn't take nothing from nobody.  I never have and

16   never will.  I thank you.

17        THE COURT:  Thank you, Mr. Bass.

18        So it sounds like you were very, very fortunate to

19   have a mother who deeply loved you and who you deeply loved.

20   And I am sorry for your grief at this great loss of your

21   mother.  I can tell from the letters that have been written to

22   me, you have other family members who care about you and who

23   you care about, and I hope that will be a consolation to you as

24   you move forward.

25        So Mr. Bass --

L9NGbasS

1           THE DEFENDANT:  Yes, ma'am.

2           THE COURT:  -- what you did here, obviously, you knew

3    it was wrong.  You pleaded guilty.  You knew it was wrong at

4    the time.  You made tens of thousands of dollars from it.  So

5    this was not a minor incident.  It was a significant wrong.

6    And it wasn't just a mistake in judgment.  It was a criminal

7    act.

8           So I want to balance your very extensive health needs.

9    I want to create a sentence that --

10           THE DEFENDANT:  Excuse me.

11           THE COURT:  No problem.

12           Obviously, you would have remained on bail pending

13    sentence but for your actions.  So while it's very important to

14    take into account the conditions of your confinement and no one

15    deserves those conditions, it wasn't part of the plan here, but

16    for your actions.

17           So I'm going to impose a term of imprisonment of

18    30 months to be followed by a term of supervised release of

19    three years with the following special conditions:  That you

20    cooperate in the collection of DNA, that you participate in an

21    approved program for domestic violence, that you comply with

22    the standard conditions of supervised release, that you pay the

23    restitution and forfeiture I ordered, that the probation

24    department inform me if you fail any drug test while on

25    supervised release, that you submit to a reasonable search,

**A-82**

L9NGbasS

1    that you participate in outpatient treatment program for your

2    abuse of drugs, that you participate in an outpatient mental

3    health treatment program also approved by the probation

4    department, that you provide the probation department access to

5    any and all requested financial information, that you not incur

6    any new credit card charge or open any new credit line without

7    approval of the probation department, that you notify the US

8    Attorney's Office for this district within 30 days of any

9    change of mailing or residence address that occurs while any

10   portion of restitution remains unpaid.  I recommend that you be

11   supervised by the district of residence.  You shall pay a

12   special assessment of $100.  I decline to impose a fine, given

13   your other financial obligations here.  Again, restitution has

14   been addressed in a separate order that I signed today.

15           Counsel, is there any legal reason why I cannot impose

16   the sentence I have described as stated?

17           MR. XIANG:  No, your Honor.

18           MR. GALLUZO:  No, your Honor.

19           THE COURT:  I order the sentence I have described on

20   the record to be imposed as stated.

21           I believe there are open counts?

22           MR. XIANG:  Yes, your Honor.  The government would

23   move to dismiss Count One of the indictment, which is an open

24   count.

25           THE COURT:  Open counts against this defendant are

L9NGbasS

1    dismissed.

2              Mr. Bass, I need to advise you of your right to

3    appeal.  If you are unable to pay the cost of appeal, you may

4    apply for leave to appeal *in forma pauperis*.  Any notice of

5    appeal must be filed within 14 days of the judgment of

6    conviction.

7              I'm going to recommend to the Bureau of Prisons that

8    you receive treatment for your various health conditions,

9    including any heart condition, your diabetes, your asthma, your

10   need for a sleep apnea machine, and your depression.  I also

11   recommend that you be able to participate in the RDAP program

12   to the extent one exists at your designated institution.

13             Counsel, do you want a recommendation as well for a

14   designation as close as possible to Los Angeles?

15             MR. GALLUZO:  Yes, we do, your Honor.  Thank you.

16             THE COURT:  Mr. Xiang, is there anything else?

17             MR. XIANG:  Not from the government.  Thank you, your

18   Honor.

19             THE COURT:  Mr. Galluzo, anything else?

20             MR. GALLUZO:  No, your Honor.

21             THE COURT:  Thank you.

22             So Mr. Bass, I am confident that your mother, who

23   cared for you so much, would want you to take care of yourself,

24   your health and your mental health.  You have family members

25   still who want you to do that.  So as Mr. Galluzo told you,

22

L9NGbasS

1   your task now is to be clean, get rid of those drugs in your

2   system and take care of yourself so when you emerge from

3   prison, you are a whole man again.

4           Do you understand me?

5           THE DEFENDANT:  Yes.

6           This means that I'm going to be away from my kids for

7   three years?

8           THE COURT:  Well, you will get some credit off if you

9   are compliant with prison rules.  And you will get credit for

10  the time you already spent in custody.  But yes, I am sending

11  you to prison for a term of imprisonment of 30 months.

12          Thank you.

13          (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25

AO 245B (Rev. 07/19)   Judgment in a Criminal Case   (form modified within District on July 1, 2019)
                       Sheet 1

# UNITED STATES DISTRICT COURT

## Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| HERMAN BASS | Case Number: 20-CR-00179-09 (DLC) |
| | USM Number: 79331-112 |
| | Matthew Galluzzo          ASUA Jun Xiang |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   2

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 5/30/2019 | 2 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1   ☑ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/23/2021
Date of Imposition of Judgment

*Denise Cote*
Signature of Judge

Denise Cote, U.S. District Judge
Name and Title of Judge

*September 24, 2021*
Date

A-86

AO 245B (Rev. 07/19  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:  HERMAN BASS
CASE NUMBER:  20-CR-00179-09 (DLC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

30 months

☑  The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive treatment for his health issues including heart disease, diabetes, sleep apnea, and depression; that he be designated to a facility in or as close to Los Angeles as possible; and that he be able to participate in an RDAP program if one exists in his designated institution.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A-87

AO 245B (Rev. 07/19)  Judgment in a Criminal Case
                      Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:     HERMAN BASS
CASE NUMBER:   20-CR-00179-09 (DLC)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

  3 years

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☑ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

A-88

AO 245B (Rev. 07/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT: HERMAN BASS
CASE NUMBER: 20-CR-00179-09 (DLC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

A-89

AO 245B(Rev. 07/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:  HERMAN BASS
CASE NUMBER:  20-CR-00179-09 (DLC)

## SPECIAL CONDITIONS OF SUPERVISION

The Probation Department is to inform the Court if the defendant  fails any drug test

You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.

You will participate in an outpatient drug treatment program approved by the United States Probation Office, which program may include testing to determine whether you have reverted to using drugs or alcohol. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

You must participate in an outpatient mental health treatment program approved by the United States Probation Office. You must continue to take any prescribed medications unless otherwise instructed by the health care provider. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

You must provide the Probation Department access to any and all requested financial information.

You must not incur any new credit card charges or open any new credit line without approval of Probation.

You shall notify the U.S. Attorney's Office for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

You shall be supervised by the district of residence

AO 245B (Rev. 07/19)   Judgment in a Criminal Case
                       Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 6 | of | 7 |

DEFENDANT: HERMAN BASS
CASE NUMBER: 20-CR-00179-09 (DLC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ 176,174.84 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Uitvoeringsorgaan Sociale En Ziekte | | $169,000.00 | |
| Sparrow Rd. # 4, Philipsburg, St. Maarten | | | |
| Name Sealed | | $4,083.00 | |
| Name Sealed | | $3,091.84 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 176,174.84 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

A-91

AO 245B (Rev. 07/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:  HERMAN BASS
CASE NUMBER:  20-CR-00179-09 (DLC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay 10% of his gross monthly income toward the payment of restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
As set forth in the Consent Preliminary Order of Forfeiture dated May 26, 2021, the defendant shall forfeit to the
Government the amount of $220,432.00 in United States currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

A-92

Criminal Notice of Appeal - Form A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Oct 04 2021

# NOTICE OF APPEAL

## United States District Court

Southern _____ District of New York

Caption:
United States
v.

Herman Bass

Docket No.: 20-cr-179 (DLC)
Denise L. Cote
(District Court Judge)

Notice is hereby given that Herman Bass appeals to the United States Court of
Appeals for the Second Circuit from the judgment _____, other | _____
                                                                    (specify)
entered in this action on 9/24/2021 _____.
                              (date)

This appeal concerns: Conviction only |___  Sentence only | ✔ |  Conviction & Sentence |___  Other |___

Defendant found guilty by plea | ✔ | trial |  | N/A | .

Offense occurred after November 1, 1987? Yes | ✔  No |  N/A [

Date of sentence: 9/24/2021 _____  N/A |__|

Bail/Jail Disposition: Committed | ✔  Not committed |  N/A |

Appellant is represented by counsel? Yes ✔ | No |  If yes, provide the following information:

Defendant's Counsel: Matthew Galluzzo

Counsel's Address: The Law Office of Matthew Galluzzo PLLC

11 Broadway Suite 715   New York, NY 10004

Counsel's Phone: 212-344-5180

Assistant U.S. Attorney: Jun Xiang

AUSA's Address: One St. Andrews Place

New York, New. York

AUSA's Phone: 212-637-2289

_____
Signature